IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

*In re*

IRISH BANK RESOLUTION CORPORATION
LIMITED (IN SPECIAL LIQUIDATION),

    Debtor in a foreign proceeding.

Chapter 15

Case No. 13-12159 (__)

------------------------------------------------------------x

## VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

Kieran Wallace and Eamonn Richardson, the duly appointed and authorized foreign representatives (together, the "**Foreign Representatives**" or "**Special Liquidators**," each a "**Foreign Representative**" or "**Special Liquidator**") of Irish Bank Resolution Corporation Limited ("**IBRC**" or the "**Debtor**"), which is subject to a liquidation proceeding in Ireland (the "**Irish Proceeding**"), by and through their undersigned counsel, respectfully submit this verified petition (the "**Petition for Recognition**") together with the form chapter 15 petition of the Debtor filed contemporaneously herewith (the "**Chapter 15 Petition**") for recognition as "foreign representatives" of IBRC and for recognition of the Irish Proceeding as a "foreign main proceeding" under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

### PRELIMINARY STATEMENT

1.     IBRC, a state-owned banking entity, was created on July 1, 2011 under the Credit Institutions (Stabilisation) Act 2010 (the "**Credit Stabilisation Act**") as the successor to Anglo Irish Bank Corporation Limited ("**Anglo**") and Irish Nationwide Building Society ("**INBS**"), which was merged into Anglo on the same day. IBRC's registered office was, prior to, and has been since, the commencement of the Irish Proceeding, located in Ireland.

RLF1 9276981v.1

2.      On February 7, 2013, the Irish Minister for Finance (the "**Finance Minister**") issued the Special Liquidation Order (the "**Special Liquidation Order**") pursuant to section 4 of the Irish Bank Resolution Act, 2013 (the "**Bank Resolution Act**"), which appointed Kieran Wallace and Eamonn Richardson as the joint Special Liquidators for IBRC and authorized them to liquidate and wind up IBRC in an orderly manner. Under section 231(2)(i) of the Irish Companies Act 1963, the Special Liquidators have the authority to do all things that may be necessary for winding up the affairs of IBRC and distributing its assets. The Special Liquidators have determined that the relief requested in the Petition for Recognition is necessary for an orderly winding-up of IBRC, to bind IBRC's U.S. creditors to the Irish Proceeding and to protect IBRC's U.S. assets from any enforcement actions by individual creditors.

3.      In this Petition for Recognition, the Foreign Representatives seek recognition of themselves as the "foreign representatives" and of the Irish Proceeding as a "foreign main proceeding" under section 1515 of the Bankruptcy Code.

## BACKGROUND

### A.    IBRC's Business

4.      IBRC is the successor of Anglo and INBS. Anglo was established in Dublin in 1964 and was at one time the third largest financial institution in Ireland. Anglo provided business banking, treasury and wealth management services to retail, corporate and institutional customers. It had more than 1,000 employees and operated in various jurisdictions, including Ireland, the Czech Republic, Luxembourg, Jersey, Germany, the United States, the United Kingdom, the Isle of Man and Belgium.

5.      INBS was headquartered in Dublin, Ireland and was founded in 1873. It was originally a mutual building society that focused historically on residential real estate lending.

However, in the early 2000s, INBS became more involved in commercial real estate lending. Its business operations mainly targeted customers in Ireland and the United Kingdom.

6. The businesses of Anglo and INBS were heavily exposed to the property market, primarily in Ireland. As a result of the steep decline in property prices combined with the liquidity crisis suffered in the Irish and global financial markets in 2008–2009, both the financial positions of Anglo and INBS deteriorated significantly.

7. Despite various measures taken by the Irish government, market confidence in Anglo and INBS continued to decline and the banks continued to experience hemorrhaging of funds and rating downgrades. As a result, the Irish government decided that it was necessary to nationalize Anglo and INBS. The Anglo Irish Bank Corporation Act 2009 was signed into law on January 21, 2009, under which all of the shares in Anglo were transferred to the Finance Minister. Similarly, in 2010, the Irish government injected €2.7 billion in INBS in exchange for a 100% ownership interest in INBS.

8. In December 2010, the Irish legislature enacted the Credit Stabilisation Act to provide a legal basis for the restructuring and stabilization of the Irish banking system as agreed in the joint European Union/International Monetary Fund Programme of Financial Support for Ireland. This legislation granted the Finance Minister an extensive range of restructuring powers with respect to each of the Irish national banks that received financial support from the Irish state, including Anglo and INBS.

9. In February 2011, the Finance Minister used his powers under the Credit Stabilisation Act to begin the process of merging Anglo and INBS into a new entity, the Irish Bank Resolution Corporation Limited. Anglo and INBS were merged into IBRC on July 1, 2011, and all assets and liabilities transferred to IBRC.

RLF1 9276981v.1

10. At the time of its formation, IBRC's primary objectives as a wind-down and asset recovery organization were, among other things, to maximize the recovery of the commercial loan book, work out the residential mortgage book which it acquired from INBS and sell the portfolio of properties that comprised the former INBS branch network, in an effort to maximize returns for the Irish taxpayer and minimize capital losses suffered by the Irish government as its sole shareholder. In accordance with commitments made by IBRC and the Irish government to the European Commission, IBRC is prohibited from participating in the new lending or deposit markets.

**B.     IBRC's Assets and Liabilities**

11. IBRC's principal asset consists of its loan book, which was valued at approximately at €25 billion as of June 2012. Approximately 70% of IBRC's loans were made to Irish borrowers, governed by Irish law and managed and held in Ireland.

12. IBRC's loan book, the vast majority of which are loans governed by Irish law, comprised commercial development loans, residential development loans, business banking loans and residential mortgages. In contrast, less than 5% by value of the loan book is governed by U.S. law. In the United States, commercial lending to investment and development properties constituted approximately two-thirds of the U.S. loan book. The other one-third of the U.S. loan book consisted of loans made to residential developers. There were no significant loans made in the business banking or residential mortgage sectors of IBRC's U.S. loan book.

13. As of June 30, 2012, IBRC had total liabilities of approximately €50 billion, over 90% of which was owed to the Central Bank of Ireland (the "**CBI Debt**"). In March 2013, the Central Bank of Ireland ("**Central Bank**") sold and assigned its interest in the CBI Debt to National Asset Resolution Limited, which is a subsidiary of the National Asset Management Agency ("**NAMA**"). Currently, approximately 70% of IBRC's other creditors, parties-in-interest

and those who would be most affected by the Irish Proceeding are located in Ireland. Currently, as the Irish Proceeding progresses, professionals assisting in the wind up of IBRC have become one of its largest categories of creditors.

14. In addition, IBRC issued the following outstanding debt:

**Outstanding Senior Bonds**

| Debt Instrument | Principal | Maturity Date | Currency |
|---|---|---|---|
| 6th Supplemental Trust Deed dated May 24, 2007 | 25,000,000 | 11/29/2013 | Bulgarian Lev |
| 6th Supplemental Trust Deed dated May 24, 2007 | 100,000,000 | 6/13/2017 | Hong Kong Dollar |
| 6th Supplemental Trust Deed dated May 24, 2007 | 2,000,000 | 4/23/2018 | Euros |
| 7th Supplemental Trust Deed dated May 23, 2008 | 25,000,000 | 7/22/2013 | Euros |
| 2nd Supplemental Trust Deed dated July 15, 2005 | 20,000,000 | 11/10/2015 | Euros |
| 7th Supplemental Trust Deed dated May 23, 2008 | 50,000,000 | 7/4/2013 | Euros |
| 6th Supplemental Trust Deed dated May 24, 2007 | 4,000,000 | 2/15/2016 | Euros |

**Outstanding Subordinated Notes**

| Debt Instrument | Principal | Maturity Date | Currency |
|---|---|---|---|
| 1st Supplemental Trust Deed dated August 15, 2002 | 18,010,000 | 6/25/2014 | Euros |
| Private Placement Agreements and the Note Purchase | 165,000,000 | 9/29/2015 | U.S. Dollars |

RLF1 9276981v.1

| | | | |
|---|---|---|---|
| Agreement dated September 28, 2005[1] | | | |
| Private Placement Agreements and the Note Purchase Agreement dated September 28, 2005 | 35,000,000 | 9/29/2017 | U.S. Dollars |
| 3rd Supplemental Trust Deed dated May 26, 2006 | 40,552,000 | 6/21/2016 | Euros |
| 6th Supplemental Trust deed dated May 24, 2007 | 59,780,000 | 6/19/2017 | Euros |

### C. IBRC's Capital Structure

15. IBRC is the parent company to more than 100 directly and indirectly wholly-owned subsidiaries organized under the laws of various jurisdictions, including the United States. A simplified corporate organization chart is attached as Exhibit A to the Declaration of Kieran Wallace in Support of Verified Petition Under Chapter 15 For Recognition of a Foreign Proceeding (the "**Wallace Declaration**").

16. IBRC owns directly and indirectly more than 30 subsidiaries organized under the laws of various jurisdictions in the United States. Pagnol Limited, one of IBRC's wholly-owned subsidiaries, owns IBRC Boston Corporation, IBRC New York Corporation, and IBRC Chicago Corporation. Each of those entities owned and operated a representative office of Anglo in Boston, New York and Chicago, respectively. Other than certain intercompany loans and transactions, no loans were made by any of these three entities. IBRC at all times issued loans,

---

[1] The Note Purchase Agreement dated 28 September 2005 (the "**Note Purchase Agreement**") is governed by New York law pursuant to which Anglo issued $165 million of Series A Subordinated Notes due 29 September 2015, and $35 million of Series B Subordinated Notes due 29 September 2017 (collectively, the "**Notes**"). The Notes are unsecured and subordinated in right of payment to ordinary creditors, including depositors of IBRC. Interest payments on the Notes were due on 29 March 2013, and 29 June 2013, subject to a seven-day grace period for payment not made on those dates. As of the date hereof, the interest payments for the last two quarters have not been made to the holders of the Notes. No holder of the Notes has commenced litigation against IBRC for failure to make such interest payments or taken other steps to recover unpaid amounts.
6

while IBRC Boston Corporation, IBRC New York Corporation and IBRC Chicago Corporation provided marketing, loan administration and other support services in relation to the making of loans by IBRC in the United States.

17. As of the date hereof, IBRC Chicago Corporation, IBRC New York Corporation and IBRC Boston Corporation do not hold any assets. The Chicago office was closed in December 2009, the New York office was closed in January 2012 and the Boston office was closed in September 2012 in conjunction with the sale of substantially all of IBRC's U.S. loan portfolio. However, certain of the loans in the U.S. loan portfolio (the "**Remaining U.S. Loans**") were not sold because the applicable loan documents required the consent of the borrower for loan assignment. IBRC was unable to obtain such consent at that time. The Remaining U.S. Loans were transferred to IBRC's Dublin and London offices for management when the Boston office closed in 2012.

### D.   The Irish Proceeding

18. The Irish legislature passed the Bank Resolution Act in the early hours of February 7, 2013, and it was signed into law by the Irish President shortly afterward. The purposes of the Bank Resolution Act include winding up IBRC in an orderly and efficient manner to benefit the public interest and seeking to end the exposure of Ireland and the Central Bank to IBRC. Later that day, the Finance Minister issued the Special Liquidation Order in accordance with section 4 of the Bank Resolution Act, under which IBRC was placed into special liquidation and the Foreign Representatives were appointed as IBRC's joint Special Liquidators.

19. The Special Liquidation Order placed an immediate stay on all proceedings against IBRC. Currently, no further actions or proceedings can be issued against IBRC without the consent of the High Court of Ireland, but the terms and conditions of mortgages, loans and

other products provided to IBRC customers remain intact and unaffected by the Special Liquidation Order. Following the commencement of the Irish Proceeding, IBRC is no longer a licensed bank. Instead, IBRC has been granted permission by the Central Bank to carry out certain banking operations that are appropriate to an orderly winding up of a credit institution.

20. Following their appointment, the Special Liquidators were tasked with conducting an orderly winding up of IBRC in accordance with the Bank Resolution Act, the Ministerial Instructions issued on February 7, 2013, May 10, 2013 and July 20, 2013 by the Finance Minister pursuant to section 9 of the Bank Resolution Act (the "**Ministerial Instructions**") and applicable Irish law. Shortly after the commencement of the Irish Proceeding, the Special Liquidators sent a letter to all of IBRC's known creditors notifying them of the issuance of the Special Liquidation Order and prescribing the manner by which they should file claims against IBRC. The Special Liquidators are obliged to continue to keep all creditors informed of the progress of the Irish Proceeding as required under the European Communities (Reorganisation and Winding Up of Credit Institutions) Regulations, 2011.

21. As part of the Irish Proceeding, the Special Liquidators are responsible for overseeing the sales and valuation process in respect of IBRC's loan book. Specifically, the Special Liquidators have been directed to appoint independent appraisers to complete a valuation of IBRC's assets and liabilities. Subsequently, all assets will be offered for sale to the highest bidder whose bid equals or exceeds the value as determined by the independent appraisers (the "**Valued Price**"). If bids received do not at least match the Valued Price, the assets will be sold to NAMA at the Valued Price.

22. Since their appointment, the Special Liquidators have taken significant steps towards preparing for the sale of IBRC's assets, including its loan book. In this regard, the

Special Liquidators have engaged the services of independent professional appraisers for the purpose of valuing IBRC's loan book and assets. The Special Liquidators have also engaged, among others, legal and property advisors to conduct due diligence of IBRC's loan book and collateral securing the loans. The Special Liquidators are currently in the process of developing a framework strategy for the marketing and sale of IBRC's assets.

23. This Chapter 15 Petition is being filed to assist in an orderly winding-up of IBRC and to maximize recoveries to, and provide for an equitable distribution of value among, all creditors. Please refer to the Wallace Declaration and the Declaration of Mary Traynor in Support of Verified Petition Under Chapter 15 For Recognition of a Foreign Proceeding (the "**Traynor Declaration**"), which are incorporated and made a part of this Petition for Recognition as if restated herein.

24. There are no other foreign proceedings that have been filed by, regarding or against IBRC and which are pending.

## JURISDICTION AND VENUE

25. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334.

26. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

27. The statutory predicates for the relief sought herein are sections 105, 1504, 1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## RELIEF REQUESTED

28. The Special Liquidators hereby seek an order, substantially in the form attached hereto as **Exhibit A**, granting recognition and protection pursuant to sections 105, 1504, 1515, 1517 and 1520 of the Bankruptcy Code to the effect that:

(a) The Special Liquidators are each a duly appointed "foreign representative" of IBRC, as that term is defined in section 101(24) of the Bankruptcy Code.

9

(b) The Irish Proceeding is granted recognition as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code.

(c) Upon recognition, IBRC shall be entitled to the protections of section 1520(a) of the Bankruptcy Code and such other and further relief as is appropriate under the circumstances pursuant to sections 105(a) and 1507 of the Bankruptcy Code.

## GROUNDS FOR SUCH RELIEF

29. For the reasons more fully discussed in the Memorandum of Law in Support of IBRC's Verified Petition under Chapter 15 For Recognition of a Foreign Main Proceeding filed contemporaneously herewith, the Irish Proceeding is entitled to recognition as a "foreign main proceeding" under section 1517 of the Bankruptcy Code because:

(a) the Irish Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code;

(b) the Irish Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code because the Irish Proceeding is pending in the location of the center of main interests for IBRC;

(c) each of the Special Liquidators is a "person" within the meaning of section 101(41) of the Bankruptcy Code and a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code;

(d) the Chapter 15 Petition meets the requirements of sections 1504 and 1515 of the Bankruptcy Code; and

(e) recognizing the Irish Proceeding would not be manifestly contrary to the public policy of the United States, as contemplated by section 1506 of the Bankruptcy Code.

RLF1 9276981v.1

## NOTICE

30.    Notice to the parties in accordance with Bankruptcy Rule 1011(b), 2002(q)(1) and 9007 will be provided pursuant to the accompanying Application Scheduling Recognition Hearing and Specifying Form and Manner of Notice.

31.    The Foreign Representatives believe that such notice and service constitutes reasonable and proper notice under the circumstances and that no other or further notice is necessary or appropriate.

## NO PRIOR REQUEST

32.    No previous request for relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated:   August 26, 2013           Respectfully submitted,
         Wilmington, Delaware

                                   RICHARDS, LAYTON & FINGER, P.A.

                                   _____
                                   Mark D. Collins (No. 2981)
                                   Jason M. Madron (No. 4431)
                                   One Rodney Square
                                   920 North King Street
                                   Wilmington, Delaware 19801
                                   Telephone: (302) 651-7700
                                   Facsimile: (302) 651-7701

                                   -and-

                                   LINKLATERS LLP
                                   Martin N. Flics
                                   Paul S. Hessler
                                   Robert H. Trust
                                   1345 Avenue of the Americas
                                   New York, New York 10105
                                   Telephone: (212) 903-9000
                                   Facsimile: (212) 903-9100

                                   *Attorneys for the Foreign Representatives of Irish Bank Resolution Corporation Limited*

RLF1 9276981v.1

## VERIFICATION OF PETITION

Kieran Wallace, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States of America as follows:

I am the foreign representative of Irish Bank Resolution Corporation Limited, and have full authority to verify the foregoing Petition for Recognition.

I have read the foregoing Petition for Recognition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26 day of August, 2013
in Dublin, Ireland

_____
Kieran Wallace

Foreign Representative of the
Irish Bank Resolution Corporation Limited