# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| THE IRISH BANK RESOLUTION CORPORATION LIMITED (IN SPECIAL LIQUIDATION) | Case No. 13-12159 (CSS) |
| Debtor in a foreign proceeding | **Re: Dkt. No. 89** |

## ATTACHMENTS TO DECLARATION OF JOHN FLYNN IN OPPOSITION TO THE GRANTING OF A PROVISIONAL ORDER APPLYING SECTION 362 OF THE BANKRUPTCY CODE

{00012173. }

# Attachment A to Declaration of John Flynn in Opposition to the Granting of a Provisional Order Applying Section 362 of the Bankruptcy Code



National Asset
Loan Management Limited

Haytonvale Properties Ltd
c/o Alanis Capital Ltd,
61 Fitzwillam Square,
Dublin 2

PLAINTIFF'S
EXHIBIT
A

17 June 2013

Re:     Haytonvale Properties Limited (the "Borrower")

**NAMA Debtor ID: 0017 / 0018**

Dear Sirs,

It has come to our attention that the John Flynn Senior, Leona Flynn, John Flynn Junior and Elaine Flynn (the" **Flynns"**) have commenced proceedings in the US District Court for the Southern District of New York (13-CV-03882) (the "**Proceedings**") naming, inter alia, NAMA and Brendan McDonagh as defendants. In addition to the Flynns, the proceedings detail a further 26 plaintiffs, one of which is stated to be the Borrower. The proceedings state the Borrower is owned or controlled by the Flynn family.

The proceedings seek, inter alia, the rescission of the facility agreements between NAMA and the Borrower (the "**Facility Agreements**"). NAMA was surprised and disappointed that the Borrower has commenced the Proceedings against it given the nature of our discussions and negotiations to date but will take all necessary steps to protect its interests in the Facility Agreements.

Accordingly, unless the Borrower withdraws from the Proceedings before close of business on Thursday 27 June 2013, the Asset Recovery team will have little option but to recommend to the NAMA decision making authority that NAMA invite the Borrower to make representations as to why NAMA should continue to exercise its forbearance in respect of loans which are in default in light of this litigation. These representations will ultimately be taken into account by the decision making authority in deciding whether to make a demand for repayment of the Facility Agreements and, failing repayment, exercise its full legal rights, including, but not limited to, the appointment of receivers over the properties that are held as security for the Loans.

Please note that the contents of this letter are entirely without prejudice to and shall not be construed as a waiver of any rights and remedies, including the appointment of receivers, available to NAMA, NALM or any NAMA group entity under any loan agreements, security documents, the NAMA Act and other legislation and/or otherwise conferred by law. All such rights are exercisable at the discretion of the entities concerned.

National Asset Loan Management Limited, Treasury Building, Grand Canal Street, Dublin 2, Ireland
T +353 1 6640800                                                     Company number: 480246
info@nama.ie www.nama.ie   VAT number: 9737138S
Directors: P.B. McDonagh, A. O'Reilly, B.M.P McEnery, F.M. Daly

Yours faithfully,

Michael Foley

For and on behalf of
**National Asset Loan Management Limited**

Cc:
Paddy Kelly
Simon Kelly
Christopher Kelly
Alan McCormack
Niall McCormack
Brian McCormack

# Attachment B to Declaration of John Flynn in Opposition to the Granting of a Provisional Order Applying Section 362 of the Bankruptcy Code

# Linklaters



Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Telephone (+44) 20 7456 4354
Facsimile (+44) 20 7456 2222
james.dawson@linklaters.com

Underwood Solicitors LLP
40 Wellbeck Street
London
W1G 8LN

For the attention of P Twomey

**By Post and Email**                                   8 August 2013

Our Ref          Patrick Robinson/James Dawson/Sarah Jack

Dear Sirs,

**Irish Bank Resolution Corporation Limited (in Special Liquidation) ("IBRC")**
**Re:  Shieldpoint Limited v Irish Bank Resolution Corporation Limited**

We refer to your letter dated 5 August 2013.

We reiterate that the judgment in favour of your client, if properly obtained in circumstances where IBRC is in special liquidation, would be an unsecured claim in the special liquidation. The judgment has been brought to the attention of the joint special liquidators.

At this point in time it is not anticipated that there will be any monies available to pay a dividend to unsecured creditors. In such circumstances there appears to be no benefit to your client in incurring further costs in relation to the assessment of the judgment it has obtained (assuming it is so entitled) and, as matters stand, our client does not propose to incur further costs in relation to these proceedings.

Yours faithfully

*Linklaters LLP*

Linklaters LLP

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

A16952240/0.0a/08 Aug 2013

# Linklaters

Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Telephone (+44) 20 7456 4354
Facsimile (+44) 20 7456 2222
james.dawson@linklaters.com

Underwood Solicitors LLP
40 Wellbeck Street
London
W1G 8LN

For the attention of J Riding

**By Post and Email**                                    1 August 2013

Our Ref          Patrick Robinson/James Dawson/Sarah Jack

Dear Sirs,

**Irish Bank Resolution Corporation Limited (in Special Liquidation) ("IBRC")**
**Re:  Shieldpoint Limited v Irish Bank Resolution Corporation Limited**

We refer to your letters dated 17 July 2013 and 24 July 2013.

Please note that pursuant to the Irish Bank Resolution Corporation Act, 2013 the Minister for Finance made the Irish Bank Resolution Corporation Act 2013 (Special Liquidation) Order 2013 (the "Special Liquidation Order") on 7 February 2013, providing for the orderly winding up of IBRC and the appointment of special liquidators. Pursuant to the Special Liquidation Order, Mr. Kieran Wallace and Mr. Eamonn Richardson of KPMG, 1 Stokes Place, St. Stephen's Green, Dublin 2 were appointed joint special liquidators.

The judgment in favour of your client, if properly obtained in circumstances where IBRC is in special liquidation, would be an unsecured claim in the special liquidation. The judgment will be brought to the attention of the joint special liquidators to be noted. At this point in time it is not anticipated that there will be any monies available to pay a dividend to unsecured creditors.

Yours faithfully

*Linklaters LLP*

Linklaters LLP

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

A16915972/2.0/01 Aug 2013

# Attachment C to Declaration of John Flynn in Opposition to the Granting of a Provisional Order Applying Section 362 of the Bankruptcy Code

PLAINTIFF'S
EXHIBIT

To:  Brendan McDonagh
     National Asset Management Agency
     Treasury Building
     Grand Canal Street
     Dublin 2

     Kieran Wallace and Eamonn Richardson
     KPMG
     1 Stokes Place
     St. Stephen's Green
     Dublin 2

Date:  [ ● ] 2013

## STRICTLY PRIVATE & CONFIDENTIAL

Re:  (1) Instructions dated [ ● ] 2013 given by the Minister for Finance (the "Instructions")
     to Kieran Wallace and Eamonn Richardson (together referred to as the "Special
     Liquidator"), joint special liquidators of Irish Bank Resolution Corporation Limited (in
     liquidation, and hereinafter "IBRC") pursuant to and in accordance with Section 7 of
     the Irish Bank Resolution Corporation Act, 2013 (the "Act")

     (2) Proposed purchase by the National Asset Management Agency ("NAMA") of the
     entire right, title, interest and benefit past, present and future of the CBI in, to and
     under the Finance Documents (the "Proposed Debt Assignment")

     (3) Obligations of the Special Liquidator to NAMA under the National Asset
     Management Agency Act 2009 (the "2009 Act") and directions issued to IBRC under the
     2009 Act.

     (4) Obligations of the Special Liquidator to NAMA under the Act

We refer to the Instructions. Terms defined in the Instructions bear the same meanings when used in
this letter.

The purpose of this letter is to set out certain terms agreed between the Special Liquidator and NAMA
with respect to the performance by the Special Liquidator of his duties, and the exercise by the
Special Liquidator of his powers, in relation to the assets of IBRC with effect from the completion of
the Proposed Debt Assignment.

1.   COVENANTS OF THE SPECIAL LIQUIDATOR

     In consideration for the mutual covenants contained herein, the Special Liquidator hereby:

     1.1    agrees that he shall administer, service and deal with the assets of IBRC with all due
            professional skill, care and diligence having regard to:

*DE109/058/AC#6378105.7*

    (a)    the purposes of the Act;

    (b)    the Instructions (as same may be modified from time to time by the Minister for Finance); and

    (c)    any directions that may from time to time be given to him by the Minister for Finance pursuant to the Act;

1.2    agrees to act in relation to the assets of IBRC in good faith having regard to:

    (a)    the purposes of the Act;

    (b)    the Instructions (as same may be modified from time to time by the Minister for Finance); and

    (c)    any directions that may from time to time be given to him by the Minister for Finance pursuant to the Act;

1.3    acknowledges the security interest of NAMA in the assets of IBRC pursuant to the Related Security;

1.4    agrees that, until such time as all amounts owing to NAMA pursuant the Finance Documents have been repaid in full he shall not:

    (a)    sell, or dispose of any interest in, any of the assets of IBRC (other than any of the Relevant Assets), or

    (b)    compromise, settle or relinquish any claim or release any security or forming part of the assets of IBRC (save for any credit facility forming part of the Relevant Assets); or

    (c)    take any action or refrain from acting any action which would have the effect of reducing, lessening or impairing any security, right, obligation or priority of IBRC in connection with the assets of IBRC,

without the prior written consent of NAMA (which consent shall not be unreasonably withheld or delayed) unless and to the extent that he is instructed or directed to do so by the Minister for Finance pursuant to the Act **PROVIDED ALWAYS THAT** the Special Liquidator shall not require the prior written consent of NAMA to do any of the foregoing for the purposes of or in connection with:

    (i)    the realization of any asset of IBRC for the purposes of discharging any fees, costs and expenses that have been incurred by Special Liquidator and approved by the Minister for Finance; or

    (ii)    the discharge of any fees, costs and expenses that have been incurred by Special Liquidator and approved by the Minister for Finance from the existing or future cash resources of IBRC;

1.5    agrees that he shall not, prior to [1 July 2013][1], terminate, amend or vary any material contract relating to any of the assets of IBRC (to include any contract or agreement relating to any software licence or other agreement in connection with any computer system, any clearing or payments system or other loan administration or cash management system required for the administration or servicing of the assets of

---

[1] Date to conform to the final Red Bill.

IBRC) without the prior written consent of NAMA (which consent shall not be unreasonably withheld or delayed) unless and to the extent that he is instructed or directed to do so by the Minister for Finance pursuant to the Act;

1.6 acknowledges the terms of the Instructions and agrees to take all reasonable steps necessary to implement the transactions contemplated by the Instructions and to take all reasonable steps to assist NAMA in relation to the performance by IBRC of relevant services under the 2009 Act and the Act unless and to the extent that he is instructed or directed to do otherwise by the Minister for Finance pursuant to the Act; and

1.7 acknowledges and agrees that all amounts owing to NAMA pursuant to any credit facility advanced from time to time by NAMA to IBRC or to the Special Liquidator on or after the date hereof in accordance with a direction of the Minister for Finance shall constitute part of the fees, costs and expenses that have been incurred by Special Liquidator for the purposes of the winding-up of IBRC and shall accordingly be repaid from the assets of IBRC in priority to all other claims.

2.    **COVENANTS OF NAMA**

In consideration for the mutual covenants contained herein, NAMA hereby:

2.1 acknowledges the terms of the Instructions and agrees to take all reasonable steps to assist the Special Liquidator in relation to the implementation of any of the transactions contemplated thereby;

2.2 not to appoint a receiver over the assets of IBRC pursuant to the Finance Documents without the prior written consent of the Special Liquidator;

2.3 agrees to promptly consider and respond to any request for the consent of NAMA made by the Special Liquidator pursuant to the terms of this letter; and

2.4 agrees to take all reasonable steps necessary to implement the transactions contemplated by the Instructions.

This letter may be executed in any number of counterparts, and this has the same effect as if the signatures on the counterparts were on a single copy of this letter.

**SIGNED BY**
**KIERAN WALLLACE**
**AND**
**EAMONN RICHARDSON**
**in their respective capacities as joint special**
**liquidators of**
**IRISH BANK RESOLUTION CORPORATION LIMITED (IN LIQUIDATION)**
**and delivered as a deed**


**GIVEN UNDER THE SEAL** of
**NATIONAL ASSET MANAGEMENT AGENCY**
**and delivered as a deed**

_____
Director