**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
In re:                                                     :   Chapter 15
                                                           :
IRISH BANK RESOLUTION CORPORATION                          :   Case No. 13-12159 (CSS)
LIMITED (IN SPECIAL LIQUIDATION),                          :
                                                           :
Debtor in a foreign proceeding.                            :   **Related Docket No.: ___**
                                                           :
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER (I) APPROVING THE SALE OF GREAT IRISH PUBS LOAN ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS,
(II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Sale Motion")[1] [Docket No. ___] of Kieran Wallace and

Eamonn Richardson, the duly appointed and authorized foreign representatives (the "Foreign

Representatives" or "Special Liquidators") of Irish Bank Resolution Corporation Limited

("IBRC" or the "Debtor"),  pursuant to sections 105, 363, 365, 1520, and 1521 of title 11 of the

United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 6004-1 of the Local Rules for

the United States Bankruptcy Court, District of Delaware (the "Local Rules") for entry of an

order (the "Order"): (i) approving the sale of the GIP Loans free and clear of all liens, claims,

interests, and encumbrances (the "Encumbrances"), to the purchaser identified in the Sale

Agreement (the "Purchaser"), except to the extent set forth in the Sale Agreement, (ii)

authorizing the assumption and assignment of certain executory contracts, and (iii) granting

---

[1]   Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Sale Motion.

related relief; and the Bankruptcy Court having conducted a hearing on the Sale Motion on

_____, 2015 (the "<u>Sale Hearing</u>"); and all parties in interest having been heard, or

having had the opportunity to be heard, regarding the Sale Motion; and the Bankruptcy Court

having reviewed and considered the Sale Motion, any objections and replies filed in connection

therewith, all arguments made and all evidence presented at the Sale Hearing; and upon the

record of the Sale Hearing, the Wallace Declaration, any and all declarations and other materials

submitted by the Debtors in connection with the Motion, any objections and replies filed in

connection with the Motion, and these chapter 15 cases and proceedings, and after due

deliberation thereon, and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

      A.     **<u>Findings and Conclusions</u>**.  The findings and conclusions set forth herein

constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy

Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent

any of the following findings of fact constitute conclusions of law, they are adopted as such.  To

the extent any of the following conclusions of law constitute findings of fact, they are adopted as

such.

      B.     **<u>Jurisdiction and Venue</u>**.  The Bankruptcy Court has jurisdiction over the Sale

Motion and the Sale Transaction pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b).  Venue in this district is proper pursuant to 28 U.S.C.

§§ 1408, 1409, and 1410.

      C.     **<u>Statutory Predicates</u>**.  The statutory predicates for the relief requested in the Sale

Motion are Bankruptcy Code sections 105(a), 363, 365, 1520 and 1521, Bankruptcy Rules 2002,

6004, 6006, and 9014, and Local Rule 6004-1.

D.      The relief granted herein is necessary and appropriate and in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1507 of the Bankruptcy Code, and will not cause hardship of any party in interest that is not outweighed by the benefits of the relief granted herein.

E.      The Sale Transaction is not contrary to the public policy of the United States.

F.      **Notice**.  Proper, timely, adequate, and sufficient notice of the Sale Motion, including, without limitation, the Sale Transaction, the assumption and assignment of the Contracts, the Sale Hearing, and the entry of this Order, has been provided in accordance with Bankruptcy Code sections 105(a), 363, 365, 1520 and 1521, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 6004-1.  Such notice was good and sufficient and appropriate under the particular circumstances.  No other or further notice of the Sale Motion, including, without limitation, the Sale Transaction, the assumption and assignment of the Contracts, the Sale Hearing, or of the entry of this Order, is necessary or shall be required.

G.      A Notice of Assignment and Cure has been provided to each of the non-debtor counterparties to the Contracts identified on the list filed by the Debtor.

H.      **Title in the Assets**.  The GIP Loans constitute property of the Debtor and title thereto is vested in the Debtor.

I.      **Business Justification**.  The Debtor has demonstrated good, sufficient and sound business purpose and justification for the Sale Transaction, including the assumption and assignment of the Contracts. The Debtor has also demonstrated compelling circumstances for the Sale Transaction, without the filing and confirmation of a plan of reorganization or liquidation in this case, including, without limitation: (a) the Sale Agreement constitutes the highest or otherwise best offer for the GIP Loans; (b) the Sale Agreement and the closing of the Sale

Transaction will present the best opportunity to maximize the value of the Debtor's assets; and (c) the closing of the Sale Transaction is necessary to comply with the Sale Agreement. Entry of this Order approving the Sale Agreement and all provisions thereof is a necessary condition precedent to the Purchaser consummating the Sale Transaction.

J.       The decision to enter into the Sale Agreement reflects the exercise of the sound business judgment of the Debtor.

K.       **Opportunity to Bid**. The Debtor and its professionals marketed the GIP Loans and conducted the sale process consistent with the Bidding Procedures and the Bidding Procedures Order. The bidding and other procedures underlying the sale process for the GIP Loans were non-collusive, created and followed in good faith, were substantively and procedurally fair to all parties, and afforded a full and fair opportunity for any qualified entity to make a higher or otherwise better offer to purchase the GIP Loans. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the GIP Loans.

L.       **Highest or Otherwise Best Offer**. The total consideration provided by the Purchaser for the GIP Loans is the highest or otherwise best offer received by the Debtor.

M.       **Good Faith Purchaser**. The Sale Agreement and the Sale Transaction contemplated thereby have been negotiated by the Debtor and the Purchaser in good faith, at arm's length and without collusion or fraud. The terms and conditions of the Sale Agreement and the Sale Transaction, including the total consideration to be realized by the Debtor pursuant to the Sale Agreement, are fair and reasonable, and the Sale Transaction is in the best interests of the Debtor and its creditors.

N.      The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to the Sale Transaction, including the assignment of the Contracts.  The Purchaser has at all times acted in good faith and will continue to act in good faith within the meaning of section 363(m) of the Bankruptcy Code in consummating the Sale Transaction.

O.      The Sale Agreement was not controlled by an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n).  The Debtor and the Purchaser have not engaged in any conduct that would cause or permit the Sale Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

P.      The Purchaser will be acting in good faith in consummating the Sale Transaction at any time on or after entry of this Order.  The Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

Q.      **Corporate Power and Authority**.  Subject to entry of this Order, the Debtor and the Purchaser have full corporate power and authority to execute and deliver the Sale Agreement and the Sale Transaction and to perform all of their respective obligations thereunder, and the Sale Transaction of the GIP Loans and assignment of the Contracts have been duly and validly authorized by all corporate authority necessary to consummate the Sale Transaction.  No consents or approvals, other than as expressly provided for in the Sale Agreement and the entry of this Order, are required by the Debtor to consummate the Sale Transaction.

R.      **Assumption and Assignment is in Best Interests**.  The assumption and assignment of the Contracts pursuant to the terms of this Order is integral to the Sale Agreement

and is in the best interests of the Debtor, its creditors, and all other parties in interest, and

represents the reasonable exercise of sound and prudent business judgment by the Debtor.

Accordingly, such assumption and assignment is reasonable, enhances the value of the Debtor's

assets and does not constitute unfair discrimination.

        S.      **Cure/Adequate Assurance**.  The Debtor has provided adequate assurance of cure

of any default existing prior to the closing under any of the Contracts, within the meaning of

section 365(b)(1)(A) of the Bankruptcy Code, and provided adequate assurance of compensation

to any party for any actual pecuniary loss to such party resulting from a default prior to the date

hereof under any of the Contracts within the meaning of Bankruptcy Code section 365(b)(1)(B).

The Purchaser has provided adequate assurance of its future performance of and under the

Contracts, within the meaning of Bankruptcy Code section 365(b)(1)(C).  The non-Debtor parties

to the Contracts were given notice and  sufficient opportunity to object to the Notice of

Assumption and Cure and are deemed to have consented pursuant to section 363(f)(2) of the

Bankruptcy Code.

        T.      **Free and Clear**.  The Debtor is the sole and lawful owner of the GIP Loans.  The

sales and assignments of the GIP Loans to the Purchaser will be, as of the closing, legal, valid,

and effective transfers of the GIP Loans, and will vest the Purchaser with all right, title and

interest of the Debtor to the GIP Loans free and clear of all Encumbrances with any

Encumbrances to attach to the consideration to be received by the Debtor in the same priority

and subject to the same defenses and avoidability, if any, as of the closings.  The Purchaser

would not enter into the Sale Agreement to acquire the GIP Loans if the sale of the GIP Loans

were not free and clear of all Encumbrances, or if the Purchaser would, or in the future could, be

liable for any such Encumbrances.  A sale of the GIP Loans other than one free and clear of all

Encumbrances would adversely impact the Debtor, would yield substantially less value for the Debtor's creditors, and would result in less certainty than the Sale Transaction. Therefore, the Sale Transaction contemplated by the Sale Agreement is in the best interests of the Debtor, its creditors, and all other parties in interest. For the avoidance of doubt, nothing in the Bidding Procedures, this Order, or the Sale Agreement shall affect any defenses or counterclaims that any counterparty to a GIP Loan may have, provided that such defense or counterclaim arises in connection with the underlying GIP Loan at issue.

U.  **Satisfaction of 363(f) Standards**. The Debtor may sell the GIP Loans free and clear of any and all Encumbrances, because one or more of the requirements set forth in section 363(f) of the Bankruptcy Code has been satisfied. The interests of non-debtor parties with Encumbrances of any kind or nature whatsoever in the GIP Loans are adequately protected because such Encumbrances shall attach to the proceeds of the sale of the GIP Loans to the same extent (and in the same priority and subject to the same limitations) as such Encumbrances attached to the GIP Loans immediately before the Sale Transaction, subject to any claims and defenses the Debtor may possess with respect thereto. Those holders of Encumbrances who did not object or who withdrew their objections to the Sale Transaction or any Notice of Assignment and Cure are deemed to have consented to the Sale Motion, including the sale and assignment of the GIP Loans to the Purchaser pursuant to Bankruptcy Code section 363(f)(2).

V.  **No Fraudulent Transfer**. The Sale Transaction does not have the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor the Purchaser is or will be entering into the Sale Transaction fraudulently.

W.     **Fair Consideration**.  The consideration constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code), and under the laws of the United States, any state, territory, possession or the District of Columbia.  The Sale Agreement represents a fair and reasonable offer to purchase the GIP Loans and assume or acquire liabilities under the circumstances of the Debtor's case.  Approval of the Sale Agreement and the consummation of the Sale Transaction is in the best interests of the Debtor, its creditors, and all other parties in interest.

X.     **Compliance with the Bankruptcy Code**.  The consummation of the Sale Transaction is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 365(b), 365(f), 1520(a)(2), and 1520(a)(3), and 1521(a)(7), and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale Transaction as of the date of closing or the effective date of assignment.

Y.     No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction.

Z.     The hearing held on the Sale Motion was fair and open to all parties potentially affected by the relief requested in the Sale Motion.

AA.    Time is of the essence in closing the Sale Transaction referenced herein, and the Debtor and the Purchaser intend to close the Sale Transaction as soon as practicable.

BB.    For the avoidance of doubt, this Court makes no findings of fact with respect to any aspect of applicable Irish law in connection with the GIP Loans.

CC.     Cause has been shown as to why this Order should not be subject to the stay provided by the Bankruptcy Rules 6004 and 6006; and therefore

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     **Relief Granted**. The relief requested in the Sale Motion is granted in its entirety.

2.     **Objections Overruled**. All objections and responses to the Sale Motion, this Order or the relief granted herein that have not been overruled, withdrawn, waived, settled or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

3.     **Notice**. Notice of the Sale Motion, including without limitation, the transactions set forth in the Sale Agreement and the assumption and assignment of the Contracts, the sale process, the Sale Approval Hearing, and the Sale Transaction was fair and equitable under the circumstances and complied in all respects with Bankruptcy Code sections 105(a), 363, 365, 1520 and 1521, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 6004-1.

4.     **Approval**. The Sale Transaction is hereby approved and authorized in all respects, and the Debtor is hereby authorized and empowered and directed to enter into, and to perform its obligations under, the Sale Agreement and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the Sale Agreement.

5.     **Good Faith Purchaser**. The Purchaser is a good faith purchaser of the GIP Loans and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.  Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under

9

the Sale Agreement or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, any sale, transfer or assignment shall be governed in all respects by the original provisions of this Order or the Sale Agreement, as the case may be.

6.      **Section 363(n) of the Bankruptcy Code**.  The Sale Transaction approved by this Order is not subject to avoidance or any recovery or damages pursuant to section 363(n) of the Bankruptcy Code.

7.      **Authorization of Performance by the Debtor**. The Debtor is authorized to fully perform under, consummate, and implement the terms of the Sale Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale Agreement, this Order, and the Sale Transaction, including, without limitation, deeds, assignments, stock powers, transfers of membership interests and other instruments of transfer, without any further corporate action or orders of the Bankruptcy Court.

8.      The Debtor is authorized and empowered to cause to be filed with the secretary of state of any state or any other applicable governmental units, any and all certificates, agreements, amendments, or other documents necessary or appropriate to effectuate the transactions contemplated by the Sale Agreement, any related agreements, and this Order.  The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

9.      **Valid Transfer**. Effective as of the closings (a) the sale and assignment of the GIP Loans and the Contracts by the Debtor to the Purchaser shall constitute a legal, valid and effective transfer of the GIP Loans and the Contracts notwithstanding any requirement for

approval or consent by any person and vests the Purchaser with all right, title and interest of the

Debtor in and to the GIP Loans, free and clear of all Encumbrances, pursuant to section 363(f) of

the Bankruptcy Code, and (b) the assumption of any assumed liabilities by the Purchaser

constitutes a legal, valid and effective delegation of any assumed liabilities to the Purchaser and

divests the Debtor of all liability with respect to such assumed liabilities.

10.    **<u>Free and Clear</u>**. Except to the extent specifically provided in the Sale Agreement,

upon the Closings, the Debtor shall be, and hereby is, authorized, empowered, and directed,

pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell and assign the GIP

Loans to the Purchaser. The sale and assignment of the GIP Loans and the assignment of the

Contracts to the Purchaser vests the Purchaser with all right, title and interest of the Debtor to the

GIP Loans free and clear of any and all Encumbrances and other liabilities of any kind or nature

whatsoever, whether imposed by agreement, understanding, law, equity or otherwise, with all

such Encumbrances to attach only to the proceeds of the sale and assignment of the GIP Loans

with the same priority, validity, force, and effect as they now have in or against the GIP Loans.

The Sale Motion shall be deemed to provide sufficient notice as to the sale and assignment of the

GIP Loans free and clear of all Encumbrances in accordance with Local Rule 6004-1. Following

the closing, no holder of any Encumbrance on the GIP Loans may interfere with the Purchaser's

use and enjoyment of the GIP Loans based on or related to such Encumbrance, or any actions

that the Debtor may take in these chapter 15 cases, and no interested party may take any action to

prevent, interfere with or otherwise enjoin consummation of the Sale Transaction.

11.    The provisions of this Order authorizing the sale and assignment of the GIP Loans

free and clear of Encumbrances shall be self-executing, and neither the Debtor nor the Purchaser

shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

12.     **Direction to Government Agencies**. Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state and local official, and any other persons and entity who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the GIP Loans, is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement and this Order.

13.     **Transfer of Title and Interests**.  All of the Debtor's interests in the GIP Loans to be acquired by the Purchaser under the Sale Agreement shall be, as of the closing date and upon the occurrence of the closings, transferred to and vested in the Purchaser free and clear of all Encumbrances. Upon the occurrence of the closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the GIP Loans including the Contracts acquired by the Purchaser under the Sale Agreement and/or a bill of sale or assignment transferring indefeasible title and interest in the GIP Loans, including the Contracts, to the Purchaser free and clear of all Encumbrances.

14.     **Fair Consideration**. The consideration provided by the Purchaser to the Debtor pursuant to the Sale Agreement for the purchase of the GIP Loans and assignment of the Contracts constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

15.     **No Successor Liability**. Other than as explicitly set forth in the Sale Agreement and herein, the Purchaser and its affiliates and their respective successors, assigns, members, partners, principals and shareholders are not and shall not be (a) deemed a "successor" in any respect to the Debtor as a result of the consummation of the Sale Transaction, (b) deemed to have, de facto or otherwise, merged or consolidated with or into the Debtor, (c) deemed to have a common identity with the Debtor, (d) deemed to have a continuity of enterprise with the Debtor, or (e) deemed to be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in the Sale Agreement, and the Sale Motion contains sufficient notice of such limitation in accordance with Local Rule 6004-1.

16.     **Injunction**. Except as otherwise provided in the Sale Agreement, all persons and entities, including, but not limited to, the Debtor, its employees, former employees, all debt security holders, administrative agencies, governmental tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, bidders, lessors, warehousemen, customs brokers, freight forwarders, carriers and other parties in possession of any of the GIP Loans at any time, trade creditors and all other creditors, holding Encumbrances of any kind or nature whatsoever against or in the Debtor or in the Debtor's interests in the GIP Loans (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the GIP Loans, the

Contracts, the operation of the Debtor's business before the closing date, the Sale Transaction, or the transfer of the GIP Loans and the Contracts to the Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting, commencing, continuing or otherwise pursuing in any manner any action, claim or other proceeding of any kind, directly or indirectly, against the Purchaser, or any affiliates, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, principals, affiliates, shareholders (or equivalent), financial advisors and representatives (each of the foregoing in its individual capacity), their property or the GIP Loans. Following the closing date, no holder of an Encumbrance in the Debtor shall interfere with the Purchaser's title to or use and enjoyment of the GIP Loans based on or related to such Encumbrance, or any actions that the Debtor may take in the Debtor's case.

17.    The Purchaser has not assumed and is not otherwise obligated for any of the Debtor's liabilities other than the assumed liabilities as set forth in the Sale Agreement and the Purchaser has not acquired any of the Excluded Assets (as defined in the Sale Agreement). Consequently, all persons, Governmental Units (as defined in section 101(27) of the Bankruptcy Code) and all holders of Encumbrances, based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Purchaser or the GIP Loans, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Encumbrances or on account of any liabilities of the Debtor other than assumed liabilities pursuant to the Sale Agreement.  All persons holding or asserting any Encumbrance on the GIP Loans are hereby enjoined from asserting or prosecuting such Encumbrance or cause of action against the Purchaser or the GIP Loans for any liability associated with the GIP Loans.

18.     **No Bulk Sales; No Brokers**. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction.  Other than the Consultant, no brokers were involved in consummating the Sale Transaction, and other than the fee due to the Consultant in connection with the Sale Transaction, no brokers' commissions are due to any person or entity in connection with the Sale Transaction.

19.     **Assumption and Assignment of Contracts**. Under sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale Transaction, the Debtor's assumption and assignment of the Contracts to the Purchaser free and clear of all Encumbrances pursuant to the terms set forth in the Sale Agreement is hereby approved, and the requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code with respect thereto are hereby deemed satisfied. Each counterparty to the Contracts is hereby forever barred, estopped, and permanently enjoined from raising or asserting against the Debtor or the Purchaser, or the property of any of them, any assignment fee, default, breach, claim, pecuniary loss, liability or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinate) arising under or out of, in connection with, or in any way related to the Contracts existing as of the closing date or arising by reason of the closings.  Nothing herein shall constitute a determination that any document arising from, relating to, or in connection with any GIP Loan constitutes an executory contract pursuant to the Bankruptcy Code.

20.     The Contracts shall be deemed to be valid and binding and in full force and effect and enforceable in accordance with their terms. Upon the closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Contracts.

21.    **Adequate Assurance**. The Purchaser has provided adequate assurance of their future performance under the relevant Contract within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of the Contracts have been satisfied.

22.    **Anti-Assignment Provisions Unenforceable**. No sections or provisions of the Contracts that purport to (a) prohibit, restrict or condition Debtor's assignment of the Contracts, including, but not limited to, the conditioning of such assignment on the consent of the non-Debtor party to such Contracts; (b) authorize the termination, cancellation or modification of the Contracts based on the filing of a bankruptcy case, the financial condition of the Debtor or similar circumstances; (c) declare a breach or default as a result of a change in control in respect of the Debtor; or (d) provide for additional payments, penalties, conditions, renewals, extensions, charges, other financial accommodations in favor of the non-Debtor third party to the Contracts, or modification of any term or condition upon the assignment of an Contract or the occurrence of the conditions set forth in subsection (b) above, shall have any force and effect, and such provisions constitute unenforceable anti-assignment provisions under 11 U.S.C. § 365(f) and/or are otherwise unenforceable under 11 U.S.C. § 365(e). The entry of this Order constitutes the consent of the non-Debtor parties to the Contracts to the assumption and assignment of such agreements. All Contracts shall remain in full force and effect, without existing default(s), subject only to payment of the appropriate cure amount, if any, by the Debtor.

23.    **Cure Amounts**. All defaults or other obligations shall be deemed cured by the payment or other satisfaction of the cure amounts, if any, associated with the Contracts (the

"Cure Amounts"). Except for the Cure Amounts, if any, there are no other defaults existing under the Contracts.

24.    **Notice of Assumption and Assignment**. The Debtor has served all of the non-Debtor counterparties to the Contracts, identified on the lists the Debtor has filed with the Bankruptcy Court, by first class mail, a Notice of Assignment and Cure that included (i) the title of the Contract, (ii) the name of the counterparty to the Contract, (iii) any applicable Cure Amounts, (iv) the identity of the proposed assignee, and (v) the deadline by which any such Contract counterparty must file an objection ("Objection") to the proposed assumption and assignment. No other or further notice is required

25.    **Objections to Assumption and Assignment**.  The pendency of a dispute relating to a particular Contract shall not, in the discretion of the Purchaser, prevent or delay the assumption and assignment of any other Contracts or the closing.  Any non-Debtor counterparty to the Contracts who has not filed an Objection by the applicable deadline as set forth in the Notice of Assignment and Cure is barred from objecting or asserting monetary or non-monetary defaults with respect to any such Contract and such Contract shall be deemed assumed by the Debtor and assigned to the Purchaser on the closing date.

26.    **Compliance with Anti-Assignment Act**.  Nothing in this Order shall interfere with the applicability of the Anti-Assignment Act, 41 U.S.C. §§ 15 et seq. or otherwise affect the rights of the United States under the Act.

27.    **Amendments**. Subject to the terms of the Sale Agreement, the Sale Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Purchaser, without further action or order of the Bankruptcy Court.

28.     **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Sale Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court, the Debtor and the Purchaser that the Sale Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.  Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

29.     **Binding Order**.  This Order and the Sale Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Purchaser, their respective successors and permitted assigns, including, without limitation, all creditors of the Debtor (whether known or unknown), all non-Debtor parties to any Contracts, filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the GIP Loans. The Sale Agreement and Sale Transaction shall not be subject to rejection or avoidance under any circumstances. This Order and the Sale Agreement shall inure to the benefit of the Debtor, its creditors, the Purchaser and its respective successors and assigns.

30.     **No Stay of Order**. Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

31.    **Final Order**.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order and that waiver of any applicable waiting period is appropriate, and expressly directs entry of judgment as set forth in this Order.

32.    **Lift of Automatic Stay**. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Bankruptcy Court, to allow the Purchaser to deliver any notice provided for in the Sale Agreement and allow the Purchaser to take any and all actions permitted under the Sale Agreement in accordance with the terms and conditions thereof.

33.    **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to (a) interpret, implement and enforce the terms and provisions of this Order and the Sale Agreement, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects, and (b) to decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the GIP Loans and any Contracts and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the GIP Loans free and clear of all Encumbrances.

34.    **Borrowers and Counterparties**.  Except as specifically set forth herein, with respect to borrowers, guarantors, and any other non-Debtor counterparty under the GIP Loans,

nothing in this Order alters, modifies, or otherwise affects any rights or obligations of such borrowers, guarantors, or other non-Debtor counterparties under the governing documents of the respective GIP Loan or under applicable Irish law.

35.    **Further Assurances**. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale Transaction, including, such actions as may be necessary to vest, perfect or confirm, or record or otherwise, in the Purchaser its right, title and interest in and to the GIP Loans and the Contracts.

Dated: July ___. 2015
      Wilmington, Delaware

                                    _____
                                      Honorable Christopher S. Sontchi
                                      UNITED STATES BANKRUPTCY JUDGE