IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 15 |
| IRISH BANK RESOLUTION CORPORATION LIMITED (IN SPECIAL LIQUIDATION), | Case No. 13-12159 (CSS) |
| Debtor in a foreign proceeding. | **Related Docket No. 484** |

**ORDER (I) ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE OF THE GREAT IRISH PUBS LOAN ASSETS, (II) APPLYING SECTION 365 OF THE BANKRUPTCY CODE FOR PURPOSES OF THIS MOTION, (III) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES, AND AGREEMENTS, (IV) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (V) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE**

Upon the motion (the "Motion")[1] of Kieran Wallace and Eamonn Richardson, the duly appointed and authorized foreign representatives (the "Foreign Representatives" or "Special Liquidators") of Irish Bank Resolution Corporation Limited ("IBRC" or the "Debtor") for an order (the "Order") (i) approving the proposed auction and bidding procedures (the "Bidding Procedures"), which are attached as Exhibit A hereto, for the sale of certain loan assets (the "GIP Loans"); (ii) applying section 365 of the Bankruptcy Code to the Chapter 15 Case for purposes of this Sale Transaction; (iii) approving the form and manner of notice of all procedures, protections, schedules, and agreements; (iv) approving the Assumption and Assignment Procedures; and (v) scheduling a hearing (the "Sale Hearing") to approve such sale (the "Sale Transaction"); and the Court having considered the Motion, and the arguments of counsel made,

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion or the Bidding Procedures.

and the evidence adduced, at the hearing on the Motion (the "Bidding Procedures Hearing"); and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its creditors, and all other interested parties; and upon the record of the Bidding Procedures Hearing and the Chapter 15 Case, and after due deliberation thereon, and good cause appearing therefore, it is hereby,

### FOUND, CONCLUDED AND DECLARED THAT:[2]

A.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 365, 1520, and 1521. Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004 and 6006, and 9014.

B.  The relief granted herein is in the best interests of the Debtor, its creditors and other parties in interest.

C.  The Special Liquidators have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) apply section 365 of the Bankruptcy Code for purposes of the Sale Transaction, (iii) approve the form and manner of notice of the Motion, the Auction and the Sale Hearing, (iv) approve the Assumption and Assignment Procedures, and (v) set the date of the Auction and the Sale Hearing.

D.  Due, sufficient, and adequate notice of the Bidding Procedures Hearing and the relief requested in the Motion and the relief granted herein has been given in light of the

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtors' notice of the Motion, the proposed entry of this Order, the Bidding Procedures, the Assumption and Assignment Procedures, the Auction and the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

E. The Debtors' proposed notices of (i) the Sale Transaction, (ii) the assumption and assignment of, and Cure Amounts for, the executory contracts and unexpired leases to be assumed and assigned to any Successful Bidder, (iii) the Successful Bidder and (iv) the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

F. The Bidding Procedures, substantially in the form attached hereto, and incorporated herein by reference as if fully set forth in the Order, are fair, reasonable and appropriate, and represent the best method for maximizing the value of the Debtor's estate.

G. The Assumption and Assignment Procedures are reasonable and appropriate.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the Bidding Procedures Hearing, are hereby overruled.

3. The Bidding Procedures, as attached hereto, are approved. The Special Liquidators are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures, including, among other things, providing certain due diligence materials (including, but not limited to, loan and guaranty documentation) to Potential Bidders who satisfy the requirements set forth in the Bidding Procedures. For the avoidance of doubt, nothing in the Bidding Procedures, this Order, or any order approving the proposed Sale Transaction of the GIP Loans shall affect any defenses or counterclaims that any counterparty to a GIP Loan may have, provided that such defense or counterclaim arises in connection with the underlying GIP Loan at issue.

4. Section 365 of the Bankruptcy Code are hereby applied to the above-captioned case for purposes of the Motion and the Sale Transaction.

### The Bid Deadline

5. Any Potential Bidder that wishes to participate in the Bidding Process and make a bid must deliver written copies of its Qualified Bid, so as to be received by the following parties **not later than 5:00 p.m. (prevailing Eastern Time) on July 17, 2015**, or such other date or time as the Special Liquidators in consultation with their advisors may deem appropriate (the "Bid Deadline"): (a) the Special Liquidators for IBRC, Attn: Kieran Wallace (kieran.wallace@kpmg.ie), Eamonn Richardson (eamonn.richardson@kpmg.ie); (b) Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Van C. Durrer II, (van.durrer@skadden.com) and Annie Li, (annie.li@skadden.com); and (c) [CONSULTANT].

### Notice

6. Within five (5) days after the entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the Special Liquidators (or their agents) shall serve the Bidding

Procedures Order and the Bidding Procedures by first-class mail, postage prepaid, upon (i) the United States Trustee; (ii) all counterparties to the GIP Loans; (iii) all other known parties located in the United States who claim interests in or liens upon the GIP Loans; and (iv) all parties who have requested notice in this Chapter 15 Case.

7. On the Mailing Date or as soon thereafter as practicable, the Special Liquidators (or their agents) shall serve by first-class mail, postage prepaid, the sale and sale hearing notice (the "Sale Notice"), substantially in the form attached to the Motion as Exhibit D, upon all other known creditors of the Debtors. The Sale Notice shall set forth the date and time of the Auction and the Sale Hearing, and will also set forth the deadline for objecting to the Sale Transaction.

8. On the Mailing Date, the Debtor will serve the a copy of the notice of assumption, assignment and cure, substantially in the form attached to the Motion as Exhibit E (the "Notice of Assignment and Cure") upon each counterparty to a GIP Loan. The Notice of Assignment and Cure shall identify each loan being sold and set forth the Debtor's good faith estimate of the Cure Amount. The Notice of Assignment and Cure shall also set forth the deadline for objecting to the Cure Amount.

9. The Sale Hearing to approve the sale of the GIPS Loans shall be held on _August 18_, 2015 at 10:00 a.m. (prevailing Eastern Time).

10. Objections, if any, to the Prevailing Bid, must be filed and served on counsel for the Special Liquidators by _August 7_, 2015 at 4:00 p.m. (prevailing Eastern Time).

**The Auction**

5

11. The Auction shall take place on **July 29, 2015 at 10:00 a.m. (prevailing Eastern Time)** at the offices of counsel for the Special Liquidators, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, or such other place and time as the Special Liquidators shall notify all Auction Bidders.

12. Only representatives of the Auction Bidders, the Special Liquidators, and such other persons as permitted by the Special Liquidators (and the advisors to each of the foregoing entities) are entitled to attend the Auction in person, and only Auction Bidders will be entitled to make any bids at the Auction. The Special Liquidators and their professionals shall direct and preside over the Auction and the Auction shall be transcribed. Each Auction Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and consents to the Bidding Procedures, and (c) has consented to the core jurisdiction of the Bankruptcy Court.

### Assumption and Assignment Procedures

13. The Assumption and Assignment Procedures are approved.

14. Within five (5) business days after the entry of this Order, the Debtor shall file with this Court and serve on each counterparty to a GIP Loan a Cure Notice that shall (i) state the Cure Amount; (ii) notify the non-Debtor party that such party's contract may be assumed and assigned to a purchaser of the GIP Loans at the conclusion of the Auction; (iii) state the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing or at a later hearing, as determined by the Debtor; and (iv) state a deadline by which the non-Debtor party shall file an objection to the Cure Amount or to the assumption and assignment of the executory contract; provided, however, that

the inclusion of a contract or agreement on the Cure Notice shall not constitute an admission that such contract, lease or agreement is an executory contract. The Debtor reserves all of its rights, claims and causes of action with respect to the contracts and agreements listed on the Cure Notice.

15. Any objection to the Cure Amount or to assumption and assignment must be filed with the Court on or before __August 7__, 2015 (the "Cure Objection Deadline") and served on: (i) counsel for the Foreign Representatives: Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, Attn: Van C. Durrer, II, Esq.; and (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David L. Buchbinder, Esq. Any such objection must (i) be in writing; (ii) state the basis for such objection; and (ii) state with specificity what cure amount the party to the Assigned Contract believes is required (in all cases with appropriate documentation in support thereof).

16. Unless a non-Debtor party to any executory contract or unexpired lease, including an unexpired real property lease, files an objection to the Cure Amount by the Cure Objection Deadline, such counterparty shall be (i) forever barred from objecting to the Cure Amount and (ii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on the Cure Notice against the Debtors, any Successful Bidder or any other assignee of the relevant contract.

**Order Effective Immediately; Retention of Jurisdiction**

17. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bidding Procedures and the implementation of this Order.

Dated: Wilmington, Delaware
       May 11, 2015

Honorable Christopher S. Sontchi
UNITED STATES BANKRUPTCY JUDGE