IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Bankr. Case No. 13-12159-CSS |
| | ) | |
| THE IRISH BANK RESOLUTION | ) | |
| CORPORATION LIMITED (IN | ) | |
| SPECIAL LIQUIDATION), | ) | |
| | ) | |
| Debtor in a foreign proceeding, | ) | |
| | ) | |
| JOHN FLYNN, SR., *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-108-LPS |
| | ) | |
| KIERAN WALLACE, *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM**

At Wilmington, this **4th** day of **August, 2015**, having reviewed the papers filed in connection with the above captioned bankruptcy appeal, the Court **AFFIRMS** the decisions of the Bankruptcy Court, for the reasons that follow.[1]

Procedural Background.[2] On August 26, 2013, Kieran Wallace and Eamonn Richardson, the duly appointed and authorized foreign representatives ("Foreign Representatives" or

---

[1]Pursuant to Fed. R. Bankr. P. 8019(b), the Court finds that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

[2]The Bankruptcy Court's opinion provides a more detailed factual background than is necessary here. *See In re Irish Bank Resolution Corp. Lt.*, 2014 WL 9953792 *1 (Bkr. D. Del. 2014).

1

"Appellees") of Irish Bank Resolution Corporation Limited ("IBRC" or the "Debtor") filed a Verified Petition Under Chapter 15 ("Petition for Recognition") seeking recognition of an Irish liquidation proceeding ("the Irish Proceeding") relating to IBRC, pursuant to 11 U.S.C. §§ 101-1532. (Bkrcy. Case No. 13-12159-CSS) ("Bkrcy. Case") On September 13, 2013, John Flynn Sr. *et. al.*, citizens of the United States and creditors of IBRC ("Creditors" or "Appellants"), filed an objection to the Petition for Recognition. (Bkrcy. Case D.I. 34)[3] After conducing an evidentiary hearing on November 6, 2013, the Bankruptcy Court on December 18, 2013 overruled the Creditors' objections and granted recognition of the Verified Petition as a foreign main proceeding, pursuant to §§ 101(23) and 1517 of the Bankruptcy Code. (Bkrcy. Case D.I. 187; *see also* D.I. 21 Ex. A) As the Bankruptcy Court noted, "recognition of the Irish Proceeding as a foreign main proceeding . . . entitle[d] the Debtor to certain protections of the Bankruptcy Code, including, but not limited to, the automatic stay provided for by section 362." *In re Irish Bank Resolution Corp. Lt.*, 2014 WL 9953792, at *1 (Bkr. D. Del. 2014) (hereinafter, "Bkrcy. Ct. Op.").[4]

On January 29, 2014, the Creditors filed a Notice of Appeal of the Bankruptcy Court's December 18, 2013 order. (D.I. 1) Thereafter, following briefing and a teleconference, this Court denied the Creditors' request for certification of a direct appeal to the Court of Appeals for

---

[3]Appellants contend that "beginning in 1994[,] they acquired in excess of $220 million of loans from Anglo to acquire properties and other assets in Ireland, the United Kingdom and the United States." (D.I. 34 at 4)

[4]Appellants have filed suit against IBRC in the Southern District of New York, a case which has been stayed. *See John Flynn Sr., et al. v. Irish Bank Resolution (f/k/a Anglo Irish Bank Corporation) et al.*, C.A. No. 13-CV-3882 (filed June 6, 2013). This action "is predicated on the long term overcharging of interest on the loans acquired by" Appellants, among others. (D.I. 34 at 6)

the Third Circuit (D.I. 6) and, instead, remanded the case "to the Bankruptcy Court for the preparation of an opinion including findings of fact and conclusions of law" (D.I. 18 at 1). On April 30, 2014, the Bankruptcy Court issued its findings of fact and conclusions of law. *See* Bkrcy. Ct. Op., 2014 WL 9953792, at *1.

On December 23, 2014, the parties filed a stipulation with a proposed scheduling for briefing the appeal, which the Court "so ordered" the same day. (*See* D.I. 33) Briefing was completed on March 13, 2015. (*See* D.I. 34, 35, 36)

Factual Background. IBRC is the successor to the Anglo Irish Bank Corporation Limited ("Anglo") and is an Irish incorporated company located in Dublin, Ireland. Bkrcy. Ct. Op., 2014 WL 9953792, at *4; D.I. 34 at 4; D.I. 35 at 4. IBRC holds the remaining assets and liabilities of Anglo, which was nationalized by the Irish government following the global financial crisis of 2008. Bkrcy. Ct. Op., 2014 WL 9953792, at *4; D.I. 34 at 4; D.I. 35 at 4. IBRC once had U.S. Federal Reserve Board branch offices in the United States, specifically in New York, Boston, and Chicago. *See* Bkrcy. Ct. Op., 2014 WL 9953792, at *7; D.I. 34 at 1; D.I. 35 at 11.

IBRC was created by way of Irish parliamentary action (hereinafter, "the IBRC Act"), setting out the law which governs the Irish Proceeding. *See* Bkrcy. Ct. Op., 2014 WL 9953792, at *5; *see also* Irish Bank Resolution Corporation Act 2013 (Act. No. 2/2013) (Ir.).[5] In addition to passage of the IBRC Act, the Irish Parliament amended sections of Ireland's Companies Act of 1963 (the "Companies Act"), to provide for the liquidation of Irish corporations. *See* Bkrcy. Ct. Op., 2014 WL 9953792, at *5; *see also* Companies Act, 1963 (Act. No. 33/1963) (Ir.).[6]; IBRC

---

[5]Available at http://www.irishstatutebook.ie/2013/en/act/pub/0002/.

[6]Available at http://www.irishstatutebook.ie/1963/en/act/pub/0033/print.html.

Act § 10.

Pursuant to the IBRC Act, special liquidators ("Special Liquidators") control all of the operations of IBRC. Bkrcy. Ct. Op., 2014 WL 9953792, at *6; D.I. 34 at 2; D.I. 35 at 4. The powers of the Special Liquidators include the powers available to liquidators under section 231 of the Companies Act. See Bkrcy. Ct. Op., 2014 WL 9953792, at *6.

The IBRC Act adopts the priority and distribution scheme set forth in the Companies Act. See Bkrcy. Ct. Op., 2014 WL 9953792, at *14; D.I. 34 at 6-7; D.I. 35 at 5. Creditors of the same rank share in such rank's distributed proceeds pro rata. See Companies Act, § 285(7).

Pursuant to statute, the Irish Finance Minister and the High Court of Ireland (the "High Court") exercise power of review and supervision over the Foreign Representatives. See IBRC Act § 9; Companies Act, § 280. In particular, section 280 of the Companies Act allows "[a]ny creditor or the special liquidator [to] apply to [the High Court] to determine any question arising in the winding-up of IBRC."

Standard of Review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), District Courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) & (3). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

Discussion. Appellants first contend that IBRC is excluded from the protections afforded by Chapter 15 of the Bankruptcy Code ("Chapter 15") by way of 11 U.S.C. § 1501(c)(1)'s

4

reference to 11 U.S.C. § 109(b). (D.I. 34 at 8) "Section 1501(c)(1) of the Bankruptcy Code provides that chapter 15 does ***not*** apply to 'a proceeding concerning an entity, other than a foreign insurance company, identified by exclusions in section 109(b).' Section 109(b)(3)(B) identifies by exclusion a 'foreign bank . . . that has a branch or agency (as defined in section 1(b) of the International Banking Act of 1978) in the United States.'" Bkrcy. Ct. Op., 2014 WL 9953792, at *10 (internal footnotes omitted). Appellants contend that the Bankruptcy Court erred in finding that Appellees are not a "foreign bank . . . that has a branch or agency in the United States." (D.I. 34 at 1) The Court concludes that the Bankruptcy Court's factual finding is not clearly erroneous.

The Bankruptcy Court found:

> The Debtor is an Irish incorporated company. IBRC is the owner of subsidiary entities, certain of which are incorporated in and therefore located in the United States, and IBRC also holds certain assets in the United States. As of the date of the filing of the Chapter 15 Petition, the Debtor had no offices in the United States. Historically, the Debtor maintained "representative offices" (within the meaning of U.S. federal banking laws and regulations, and as confirmed by the Federal Reserve Board) in the U.S., but the uncontroverted testimony in the record was that the last of such offices was closed as of September 30, 2012, more than ten months before the Chapter 15 Petition was filed.

Bkrcy. Ct. Op., 2014 WL 9953792, at *7 (internal citations omitted).

Appellants point to no evidence to show that IBRC had a branch or agency in the United States as of September 30, 2012, when the chapter 15 petition was filed. *See id.* at *11 ("No contrary factual evidence was introduce by any party through their pleadings or in the record.").[7]

---

[7] *See generally* D.I. 36 at 1 (Appellants' Reply Brief) ("The facts regarding these matters are not very much in dispute . . . . [However,] Appellants believe that the court has fundamentally misapplied the law.").

5

Instead, Appellants argue that because IBRC *had* branches in the United States as late as 2012, and telephone listings even later, IBRC comes within the statutory exclusion and is ineligible for chapter 15 protection. (*See* D.I. 34 at 8; D.I. 36 at 2) This argument lacks merit because, as the Bankruptcy Court held, the "plain language of the statute clearly indicates that the relevant time period to consider is the date of the filing of the Chapter 15 petition, not the debtor's 'entire operational history.'" Bkrcy. Ct. Op., 2014 WL 9953792, at *11 (quoting *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 133 (2d Cir. 2013)).

Appellants next argue that the Bankruptcy Court erred in granting recognition of the Irish Proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 101(23). (D.I. 34 at 9) Under section 101(23),

> The term 'foreign proceeding' means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

Hence, to qualify as a foreign main proceeding, the foreign representative must establish: a (1) a proceeding, (2) that is judicial or administrative, (3) collective, (4) in a foreign country, (5) conducted under law relating to insolvency, (6) under the supervision of a foreign court, and (7) for the purpose of reorganization or liquidation. *See In re Betcorp*, 400 B.R. 266, 277 (Bankr. D. Nev. 2009); *see also In re British-Am. Ins. Co., Ltd.*, 425 B.R. 884, 901 (Bankr. S.D. Fla 2010). The Bankruptcy Court's conclusion that all of these requirements were satisfied is not based on any clearly erroneous finding or fact or any error of law.

A "proceeding" is characterized in this context as "acts and formalities set down in law

so that courts, merchants, and creditors can know them in advance, and apply them evenly in practice. In the context of corporate insolvencies, the hallmark of a 'proceeding' is a statutory framework that contains a company's actions and that regulates the final distribution of a company's assets." *Betcorp*, 400 B.R. 278. Appellants contend that because the winding-up of IBRC is directed by the Irish Finance Minister, it is not a proceeding. (D.I. 34 at 11) Yet, as the Bankruptcy Court explained, the winding-up of IBRC was knowable in advance and controlled by Special Liquidators subject to supervision by the Finance Minister and High Court. *See* Bkrcy. Ct. Op., 2014 WL 9953792, at *2. Moreover, the Finance Minister's instructions are challengeable under public rules. *See id.* at *27-28. The Court agrees with the Bankruptcy Court that the Irish Proceeding is a "proceeding" within the meaning of section 101(23).

The Bankruptcy Court also correctly determined that the Irish Proceeding is administrative or judicial in nature. Appellants argue against this conclusion based on their view that the Irish Proceeding lacks judicial oversight. However, as the Bankruptcy Court explained, the majority of tasks to be undertaken by the Special Liquidators and Minister of Finance are administrative in nature, and "any creditor [may] seek a ruling of the High Court with respect to 'any question' arising in the Irish Proceeding." *Id.* at *14; *see also id.* at *15 ("All of the testifying experts agreed that section 280 of the Companies Act remains in effect, albeit modified, to permit any creditor to seek a ruling of the High Court with respect to any question arising in the Irish Proceeding.") (internal quotation marks omitted). Furthermore, the procedures applicable to the liquidation of IBRC are identical to those of any other corporate liquidation pursuant to 231 of the Companies Act.

Appellants next argue there was error in the Bankruptcy Court's finding that the Irish

Proceeding is "collective in nature." "A collective proceeding is one that considers the rights and obligations of all creditors." *Betcorp*, 400 B.R. at 281. Appellants appear to contend that the because the Finance Minister may give priority to any assets to the Irish State, the Irish Proceeding is not collective in nature. (*See* D.I. 34 at 13) This argument is unavailing because, as Appellees correctly observe, the "Irish Proceeding provides for the distribution of proceeds realized from IBRC's assets according to a priority distribution scheme set forth in the Companies Act." (D.I. 35 at 14) As noted, the procedures governing IBRC's liquidation under section 231 of the Companies Act are no different than those governing any other liquidation of an Irish corporation. *See* Bkrcy. Ct. Op., 2014 WL 9953792, at *7. Appellants presented the Bankruptcy Court with evidence purporting to demonstrate that the "real purpose" of the IBRC Act was "to transfer the assets of the IBRC to another governmental entity," but the Bankruptcy Court's finding that this evidence was unpersuasive – because "the IBRC Act specifically adopts the distribution scheme set forth in the Companies Act" – is not clearly erroneous. *Id.* at *14. The Court agrees that the Irish Proceeding is "collective in nature."

Finally, Appellants argue that recognition of the Irish Proceeding is contrary to United States public policy. (D.I. 34 at 15) The Bankruptcy Code provides that the Court may refuse recognition of a foreign main proceeding "if the action is manifestly contrary to public policy of the United States." *See* 11 U.S.C. §§ 1506, 1517(a). This public policy exception has been narrowly construed to apply "where the procedural fairness of the foreign proceeding is in doubt or cannot be cured by the adoption of additional protections" and where recognition "would impinge severely a U.S. constitutional or statutory right." *In re ABC Learning Centres Ltd.*, 728 F.3d 301, 309 (3d Cir. 2013) (internal quotations and citations omitted). Appellants

have failed to show that the Irish Proceeding comes within this narrow exception. Appellants suggest (largely through a series of questions, *see* D.I. 34 at 15-18) that the Irish Proceeding discriminates against U.S. creditors and deprives them of due process and other unspecified constitutional rights, in favor of benefitting the Irish government. As Appellees persuasively respond, the provisions objected to by Appellants parallel provisions in laws adopted by the United States in response to the global financial crisis. (*See* D.I. 35 at 18-19) The Bankruptcy Court correctly noted that Appellants "failed to identify any conflict with [the Irish Proceeding and] the law of the United States." Bkrcy. Ct. Op., 2014 WL 9953792, at *19. As Appellees further observe, Appellants "can point to no evidence to show that the Irish Proceedings are not affording substantive and procedural due process protections." (D.I. 35 at 20)[8]

Conclusion. For the reasons stated above, the Court concludes that the Bankruptcy Court did not err in granting recognition of the Irish Proceeding pursuant to 11 U.S.C. §§ 101-1532. Accordingly, the Bankruptcy Court's Order will be affirmed.

UNITED STATES DISTRICT JUDGE

---

[8]The Court has reviewed the cases cited by Appellants and find that none of them address situations comparable to that presented here.

9