## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 15
:
IRISH BANK RESOLUTION CORPORATION : Case No.  13-12159 (CSS)
LIMITED (IN SPECIAL LIQUIDATION), :
: **Hrg. Date: 10/16/15 at 10:00 a.m. (ET)**
Debtor in a foreign proceeding. : **Obj. Deadline: 10/2/15 at 4:00 p.m. (ET)**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### FOREIGN REPRESENTATIVES' MOTION FOR ORDER IN AID
### OF PRIOR ORDER COMPELLING COMPLIANCE WITH SUBPOENA
### AND DIRECTING CONSENT TO RELEASE OF INFORMATION

Kieran Wallace and Eamonn Richardson, the duly appointed and authorized

foreign representatives (the "Foreign Representatives") of Irish Bank Resolution Corporation

Limited ("IBRC"), hereby move (the "Motion"), pursuant to section 105 of title 11 of the United

States Code (the "Bankruptcy Code"), rule 9016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and rules 37 and 45 of the Federal Rules of Civil Procedure (the "Civil

Rules") in the above-captioned chapter 15 case (the "Chapter 15 Case") for entry of an order,

substantially in the form attached hereto (the "Proposed Order"), in aid of this Court's *Order*

*Compelling Compliance with Subpoena and Directing Consent to Release of Information*

[Docket No. 462] (the "Order to Compel"), designating the Foreign Representatives as the

"subscriber" of the account maintained by "Abdullah Rasimov" ("Rasimov") at Yahoo! Inc.

("Yahoo") with the following email address abdrasim@yahoo.com (the "Yahoo Account"), to

permit the Foreign Representatives, as subscriber, to consent to the release of certain information

by Yahoo.  In support of the Motion, the Foreign Representatives rely on the *Declaration of Van*

*C. Durrer, II In Support of Foreign Representatives' Motion for an Order Compelling*

*Compliance with Subpoena and Directing Consent to Release of Information* [Docket No. 448]

(the "Durrer Declaration"), filed in connection with the *Foreign Representatives' Motion for an Order Compelling Compliance with Subpoena and Directing Consent to Release of Information* [Docket No. 447] (the "Motion to Compel").[1]  In further support of the Motion, the Foreign Representatives respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

3.      The Foreign Representatives submit this Motion under Bankruptcy Code section 105, Bankruptcy Rule 9016, and Civil Rules 37 and 45 (made applicable here by Bankruptcy Rules 7037 and 7045, respectively).

## PRELIMINARY STATEMENT AND SUMMARY OF RELIEF REQUESTED

4.      Faced with Rasimov's refusal to comply with a lawfully served subpoena and Yahoo's unwillingness to release certain information without the "lawful consent" required by the Stored Communications Act and Yahoo's internal policies, rules and regulations, the Foreign Representatives sought, and obtained, from this Court broad-based relief through the Order to Compel.  However, as far as Yahoo is concerned, the relief in the Order to Compel is of no assistance to the Foreign Representatives, as Yahoo has rejected the notion that the Foreign Representatives can provide "lawful consent" *on behalf of* Rasimov and, therefore,

---

[1]      In connection with the Motion to Compel, the Foreign Representatives also sought to compel "Gustavo Leiva" ("Leiva") (i) to produce documents relating to the email account gooseleiva@aol.com (the "AOL Account"), and (ii) to consent to the release of the subpoenaed information by AOL, Inc. ("AOL").  In the event that Leiva failed to provide such consent, the Foreign Representatives sought authorization to consent on behalf of Leiva.  Although Leiva never produced the information relating to the AOL Account, AOL produced such information after the Foreign Representatives provided "lawful consent" to the release of such information pursuant to authority granted under the Order to Compel.  Accordingly, this Motion seeks only relief relating to the Yahoo Account.

notwithstanding the relief already granted, Yahoo has refused to disclose the contents of the Yahoo Account.

5.     Through this Motion, the Foreign Representatives seek entry of an order to fully effectuate the relief granted by the Court in its Order to Compel.  In particular, the Foreign Representatives seek to be afforded the legal status of a party that can, in fact, provide the requisite "lawful consent" to the disclosure sought to be compelled (*i.e.*, a "subscriber" of the Yahoo Account).  As a subscriber of the Yahoo Account, the Foreign Representatives will have clear authority under the Stored Communications Act to provide "lawful consent" to the release by Yahoo to the Foreign Representatives of any and all electronically stored information, including but not limited to any and all electronic mail, contained in the Yahoo Account.

## BACKGROUND

### A.    Factual Background and UK Discovery

6.     This matter is related to large-scale litigation pending in Ireland (and other jurisdictions) involving Sean Quinn, his five adult children (collectively with Sean Quinn, the "Quinn Family"), and IBRC.  Specifically, this matter relates to the Quinn Family's efforts to evade repayment on approximately €2.8 billion ($3.8 billion) in loans advanced by IBRC to companies owned and/or controlled by the Quinn Family.

7.     As found by courts in Ireland, members of the Quinn Family have engaged in a sophisticated scheme to evade repayment of the IBRC loan amounts.  Numerous orders have been entered against the Quinn Family and their agents to prevent the dissipation of IBRC assets.  Notwithstanding such orders, the Quinn Family continues to evade repayment and hide assets from IBRC.

8.     On February 21, 2014, after receiving credible information from informants disclosing that certain email addresses were being used in connection with the Quinn

3

Family's scheme to evade repayment, the Foreign Representatives filed an *ex parte* application with the English High Court (the "English Application") for discovery against certain respondents, including Yahoo! Inc. UK.  Through the English Application, the Foreign Representatives sought to conduct certain discovery relating to the Quinn Family.

9.      On February 24, 2014, the English High Court granted the English Application and entered various orders pertaining to IBRC's requested relief (the "English High Court Judgments").  The English High Court permitted a confidential investigation of various respondents, including Yahoo! Inc. UK.

10.     While undergoing the discovery permitted by the English High Court Judgments, IBRC discovered various email accounts believed to be connected with the Quinn Family and/or their agents perpetrating their improper scheme of concealing assets.  This discovery included email addresses—including the Yahoo Account—that are maintained and supported by companies providing access to internet and email services operating in the United States.

**B.      Discovery Orders Obtained from this Court**

11.     Accordingly, on March 12, 2014, the Foreign Representatives submitted a motion to this Court (the "Discovery Motion") seeking discovery pursuant to Bankruptcy Rule 2004 from certain providers, including Yahoo.  The Foreign Representatives intended for the discovery to supplement the discovery already ordered by the English High Court.  Thus, the Foreign Representatives requested a temporary order mandating that their investigation of Yahoo, among others, be maintained confidential, and that the pleadings related to the investigation remain under seal for a period of four weeks (subject to extension for cause) so that the investigation would render meaningful results and not be rendered useless.

4

12.     On March 14, 2014, this Court held an *ex parte* hearing on the Discovery Motion and signed an order approving the same (the "Discovery Order"). Under the terms of the Discovery Order, the relief granted expired on April 11, 2014, unless extended for cause.

13.     On April 11, 2014, the Foreign Representatives submitted a motion requesting an extension of the expiration date to May 2, 2014 for cause, which motion was approved by the Court on the same day. Then, on May 2, 2014, the Foreign Representatives submitted a second extension motion requesting a further extension of the expiration date to May 23, 2014 for cause. The Court again approved the requested extension.

14.     Following expiration of the second extension, IBRC filed all of the underlying pleadings, orders and notices of subpoenas on this Court's docket [Docket Nos. 354, 355, 356 and 357], and served copies of the same upon members of the Quinn Family and their counsel.

**C.     The Yahoo Subpoenas**

15.     Following the Court's execution of the Discovery Order, on March 14, 2014, the Foreign Representatives served an initial subpoena (the "Initial Yahoo Subpoena") upon Yahoo. By the Initial Yahoo Subpoena, the Foreign Representatives requested that Yahoo produce all documents concerning or relating to:

    a.    the subscriber details for the Yahoo Account,

    b.    the IP login history relating to the Yahoo Account,

    c.    the IP addresses of computers or devices used to access the Yahoo Account, and

    d.    other metadata regarding the Yahoo Account.

16.     Yahoo produced certain documents and other materials in response to the Initial Yahoo Subpoena on March 19, 2014, which materials led the Foreign Representatives to

discover additional email addresses that the Foreign Representatives believe are being utilized by the Quinn Family and their representatives to evade repayment of the IBRC loans.

17.    On May 29, 2014, the Foreign Representatives served a subsequent subpoena (the "Follow-up Yahoo Subpoena") upon Yahoo.  By the Follow-up Yahoo Subpoena, the Foreign Representatives requested that Yahoo produce all documents concerning or relating to:

    a.    any and all emails contained within the Yahoo Account,

    b.    all content contained in such emails, and

    c.    other metadata regarding the Yahoo Account.

18.    While Yahoo produced certain documents in response to the Follow-up Yahoo Subpoena on June 3, 2014, those documents were entirely duplicative of the documents produced in response to the Initial Yahoo Subpoena.  Critically, however, Yahoo would not produce any content from the emails contained within the Yahoo Account, asserting that it was barred from doing so under internal governing policies and applicable statutes and regulations, which prevent the release of the contents of emails absent lawful consent from the originator, the addressee or the account subscriber.

**D.    The 2004 Application**

19.    The Foreign Representatives subsequently submitted a *Motion for an Order Compelling the Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Docket No. 438] on October 1, 2014 (the "2004 Application").  Through the 2004 Application, the Foreign Representatives sought entry of an order by this Court compelling Rasimov to provide the documents sought in the Follow-up Yahoo Subpoena.

20.    The Foreign Representatives served the 2004 Application upon Rasimov via electronic mail to the email address associated with the Yahoo Account, and received no

6

indication that the 2004 Application was not delivered successfully thereto.  Durrer Declaration, ¶ 2.

21.     The 2004 Application was scheduled for hearing before this Court on October 17, 2014.  However, no objections were received by any party to the relief sought in the 2004 Application.  Accordingly, the Court cancelled the hearing and entered the proposed order granting the 2004 Application on October 15, 2014.  *See Order Compelling the Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Docket No. 442] (the "2004 Order").  The 2004 Order specifically permitted the Foreign Representatives to serve Rasimov, among others, via electronic mail.  2004 Order, ¶ 2.

22.     Following entry of the 2004 Order, counsel for the Foreign Representatives attempted to serve a copy of the 2004 Order upon Rasimov via electronic mail to the Yahoo Account.  Durrer Declaration, ¶ 3.  This time, however, counsel for the Foreign Representatives received an automated email response indicating that "Delivery has failed" and further noting that "This user doesn't have a yahoo.com account (abdrasim@yahoo.com)".  A copy of the automated email response is attached to the Durrer Declaration as Exhibit C.  Counsel attempted service of the 2004 Order via email on October 15, 2014 and again on October 16, 2014, and received the same automated email response in both instances.  Durrer Declaration, ¶ 4.

23.     Rasimov never complied with the 2004 Order.

**E.     The Order to Compel**

24.     In order to obtain the documents sought pursuant to the Follow-up Yahoo Subpoena that Rasimov refused to produce as required by the 2004 Order, and that Yahoo declined to produce, the Foreign Representatives subsequently filed the Motion to Compel.  By the Motion to Compel, the Foreign Representatives sought entry of an order compelling Rasimov

7

to provide the documents sought by the Follow-up Yahoo Subpoena, directing Rasimov to

consent to the release of the subpoenaed information by Yahoo or, in the alternative, authorizing

the Foreign Representatives to consent to the release of such information on behalf of Rasimov.

     25.    The Court entered the Order to Compel, granting the relief sought in the

Motion to Compel.  Among other relief, the Court ordered the following with respect to Rasimov

and the Yahoo Account:

> In order to afford a remedy appropriate in light of the failure of
> Rasimov to comply with previously issued discovery and orders of
> this court, Rasimov is directed to provide written consent to Yahoo
> to the release of any and all electronically stored information,
> including but not limited any and all electronic mail, contained in
> the Yahoo Account to the Foreign Representatives.  If Rasimov
> fails to deliver such written consent to Yahoo within seven (7)
> business days of entry of this Order, the Foreign Representatives
> and their agents are authorized and directed to execute or deliver or
> to join in the execution or delivery of any instrument, and to
> perform any other act, necessary to provide "lawful consent"
> pursuant to 18 U.S.C. § 2701, *et seq.*, and any other similar or
> related statute, rule or regulation promulgated by any federal, state,
> or local legislative body or administrative entity, on behalf of and
> in the name of Rasimov.

Order to Compel, ¶ 2.

     26.    The Order to Compel further provided that "The Foreign Representatives,

IBRC, and their agents are hereby authorized and directed to execute or deliver or to join in the

execution or delivery of any instrument, and to perform any other act, necessary to comply with

this Order."  Order to Compel, ¶ 4.

     27.    Rasimov failed to deliver his written consent to Yahoo in accordance with

the Order to Compel.  Accordingly, on December 2, 2014, as authorized and directed under the

Order to Compel, the Foreign Representatives advised Yahoo that they were providing Yahoo

with "lawful consent," on behalf of and in the name of Rasimov, to release any and all

electronically stored information, including but not limited to any and all electronic mail, contained in the Yahoo Account to the Foreign Representatives.

28.     As noted above, AOL recognized the lawful consent provided by the Foreign Representatives pursuant to the Order to Compel, and provided to the Foreign Representatives the content of emails used in connection with the AOL Account. Yahoo, however, has interpreted applicable law differently and has declined to provide email content to the Foreign Representatives. In other words, despite the Court's order authorizing and directing the Foreign Representatives to perform any act necessary to provide "lawful consent … on behalf of and in the name of Rasimov," Yahoo has taken the position that the Foreign Representatives can not provide Rasimov's "lawful consent."

29.     Nevertheless, it is the understanding of the Foreign Representatives that Yahoo has preserved additional documents that are responsive to each of the subpoenas issued to date, but, for the reason noted above, to date Yahoo has not produced such documents to the Foreign Representatives.

30.     Accordingly, the Foreign Representatives seek entry of an order in aid of the Order to Compel, which order would designate the Foreign Representatives as the "subscriber" of the Yahoo Account, thereby removing all doubt that the Foreign Representatives can provide "lawful consent" to the release by Yahoo to the Foreign Representatives of any and all electronically stored information, including but not limited to any and all electronic mail, contained in the Yahoo Account.

**BASIS FOR RELIEF**

I.     **Rasimov Has Repeatedly Ignored and Evaded This Court's Orders**

31.     As noted above, service of the 2004 Application was completed upon Rasimov at the Yahoo Account on October 1, 2014, but attempts to complete service of the 2004

9

Order upon Rasimov at the Yahoo Account on October 15, 2014 and again on October 16, 2014 were unsuccessful.[2] It is clear that Rasimov took steps to close the Yahoo Account between October 1, 2014 and October 15, 2014, in a transparent attempt to evade compliance with this Court's 2004 Order. Notably, however, Rasimov has never appeared in this Chapter 15 Case to contest any of the relief granted by this Court in connection with the ongoing discovery, including the 2004 Application.

32.    Following Rasimov's failure to comply with the 2004 Order, the Court, "[i]n order to afford a remedy appropriate in light of the failure of Rasimov to comply with previously issued discovery and orders of this court," entered the Order to Compel.  Order to Compel, ¶ 2.  Although this order directed Rasimov to provide written consent to Yahoo to release all electronic mail in the Yahoo Account to the Foreign Representatives, Rasimov again ignored an order of this Court and failed to provide the required consent.

33.    In short, rather than participating in the Chapter 15 Case and voicing any concerns over the relief being sought by the Foreign Representatives, Rasimov has instead chosen to simply ignore and evade this Court's orders, thereby frustrating the Foreign Representatives' critical need for certain discovery.

## II. Yahoo Has Failed to Recognize the "Lawful Consent" Provided by the Foreign Representatives on Behalf of Rasimov

34.    Yahoo has not provided, to date, any content from the Yahoo Account in response to the subpoenas issued by the Foreign Representatives.  As the Foreign Representatives advised this Court in connection with the Motion to Compel, Yahoo asserts that it is barred from releasing such content under internal governing policies and applicable statutes and regulations, which prevent any release absent "lawful consent" to such disclosure from one

---

[2]    Further attempts to serve either the Motion to Compel or the Order to Compel would have been futile.

of the parties identified in 18 U.S.C. § 2702(b)(3) (*i.e.*, either the "originator" of the

communication, "an addressee or intended recipient of such communication," or the

"subscriber").

       35.     Although the Order to Compel authorized and directed the Foreign

Representatives to provide "lawful consent ... on behalf of and in the name of Rasimov"—which

the Foreign Representatives did—Yahoo has advised that it believes the Foreign

Representatives' consent falls short of the consent required and, thus, has continued to withhold

production of the contents of emails within the Yahoo Account.  In other words, Yahoo is taking

the position that the Foreign Representatives can not provide "lawful consent" on behalf of

Rasimov, the account subscriber.[3]

**III.    In Aid of the Relief Already Granted by the Order to Compel, the Foreign Representatives Should be Designated the "Subscriber" of the Yahoo Account in Order to Consent to the Disclosure of the Requested Materials**

       36.     In light of the facts herein, including Rasimov's failure and refusal to

provide the requested documents or to give lawful consent to disclosure of the additional

materials sought in the Follow-up Yahoo Subpoena, as this Court directed in the Order to

Compel, and because Yahoo has not recognized the authority previously granted to the Foreign

Representatives by this Court to execute, on behalf and in the name of Rasimov, any

documentation necessary to effectuate such lawful consent within the meaning of such statute or

regulation, the Foreign Representatives request that this Court designate the Foreign

Representatives as the "subscriber" under the Yahoo Account.[4]  The Foreign Representatives

---

[3]     As noted above, AOL—unlike Yahoo—recognized that the Foreign Representatives could provide "lawful consent" on behalf of the account subscriber and produced the contents of the AOL Account to the Foreign Representatives.

[4]     In an analogous context, effective January 1, 2015, Delaware enacted the Delaware Fiduciary Access to Digital Assets Act, 12 Del. C. § 5001, et seq. (the "Delaware Act"), which is based on the Uniform Fiduciary Access to Digital Asset Act.  The Delaware Act provides that a fiduciary with authority over an

respectfully submit that designating the Foreign Representatives as account subscriber to permit them to consent is no different than authorizing the Foreign Representatives to perform any act necessary to provide "lawful consent … on behalf of and in the name of Rasimov"—which the Court already has done through its Order to Compel.

37.    The Foreign Representatives submit that this Court's inherent power and the Civil Rules and Bankruptcy Code allow for such relief. *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("It has long been understood that '[c]ertain implied powers must necessarily result to our courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'") (internal citations omitted).  Moreover, *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.,* 57 F.3d 1215, 1224–25 (3d Cir. 1995), acknowledged that these inherent powers are extended to bankruptcy court sanctioning authority.  Thus, the bankruptcy court may, as is necessary and within responsible limits, exercise its discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers,* 501 U.S. at 44–45, 111 S.Ct. 2123.

38.    As the Third Circuit recognized long ago:

> Reorganization proceedings . . . are "special" proceedings which seek only to bring about a reorganization.  The tendency of judicial interpretation of the Act has been in the direction of progressive liberalization in respect to the operation of the bankruptcy power so as to meet the challenge of present day economic and business conditions. . . .  The bankruptcy court may invoke its equitable powers to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.

---

account holder's digital assets or accounts will have the same access as the account holder and defines "digital assets" and "digital accounts" broadly.  Accordingly, the Foreign Representatives submit this analogous relief demonstrates that emerging law in this context permits third party access to a holder's account notwithstanding the privacy concerns of a service provider such as Yahoo.

12

*In re Int'l Power Sec. Corp.*, 170 F.2d 399, 402-03 (3d Cir. 1948) (Internal citations omitted).

39.     Indeed, courts have broad discretion to craft any remedy for failure to comply with discovery. *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) (reinstating dismissal as a discovery sanction, and stating that district courts must have latitude to use severe sanctions for purposes of general deterrence); *Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.)*, 132 F.3d 152, 156 (3d Cir. 1997) (Courts have inherent power to impose sanctions in order to manage their own affairs and achieve orderly and expeditious disposition of cases).[5]

40.     *Chambers* recognized that sanctioning through statutory and rule-made structures would leave gaps in application in particular cases:

> These other mechanisms [statutory and rule-made sanction schemes], taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions. . . . [W]hereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. *At the very least, the inherent power must continue to exist to fill in the interstices.*

501 U.S. at 46, 111 S.Ct. 2123 (emphasis added).

41.     Additional bankruptcy court authority to grant this relief exists in section 105(a) of the Bankruptcy Code, empowering this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]" and further providing

---

[5]     Numerous other cases stand for this proposition. *See, e.g., In re Tutu Wells Contamination Litig.*, 120 F.3d 368, 383 (3d Cir. 1997) (courts have inherent powers, including disciplining attorneys, punishing for contempt, the power to fine, and the power to disqualify counsel); *Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (3d Cir. 1995) (imposition of sanctions for abuse of discovery under Rule 37 is a matter within the discretion of the trial court); *Hicks v. Feeney*, 850 F.2d 152, 155 (3d Cir. 1988) (where there is no justifiable excuse not to provide discovery the district court has the power to impose a full panoply of sanctions for refusal to submit to discovery); *Pro Spice, Inc. v. Omni Trade Grp., Inc.*, Nos. 03-4556, 04-1450, 04-1609 2005 WL 19467, at *3 (3d Cir. Jan. 4, 2005) (court has "expansive" discretion under Rule 37 to award sanctions for failure to comply with discovery); Wright & Miller, *Federal Practice and Procedure* §2284 ("With a rule as flexible as Rule 37, inevitably a broad discretion must be given the trial judge with regard to sanctions").

54112/0001-11961741v2

that the Court may, *sua sponte*, "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Under the circumstances here, this Court may grant the relief requested in order to facilitate compliance with the Order to Compel and enforce its earlier 2004 Order and prevent Rasimov from abusing the discovery process.

42.     Accordingly, the Bankruptcy Rules, the Civil Rules and the Bankruptcy Code, coupled with this Court's inherent powers, provide ample authority for this Court to designate the Foreign Representatives as "subscriber" of the Yahoo Account, and permit the Foreign Representatives, as subscriber, in aid of the Order to Compel, under pain of sanctions, to authorize the disclosure of the contents of the Yahoo Account by Yahoo to IBRC and the Foreign Representatives.[6]

## NOTICE

43.     The Foreign Representatives propose to provide service by United States Postal Service first-class postage prepaid mail, within one (1) business day of the filing of this Motion, upon: (i) the United States Trustee; (ii) counsel for Yahoo; (iii) counsel for the Quinn Family; and (iv) all parties who have requested notice in this Chapter 15 Case. The Foreign Representatives also propose to serve Abdullah Rasimov by email.

44.     In light of the nature of the relief requested herein, the Foreign Representatives submit that no other or further notice of this Motion is necessary or required.

---

[6]     Consistent with their agreement as set forth in the Motion to Compel, On October 23, 2014, the undersigned counsel will produce to counsel for the Quinn Family copies of any materials obtained, at the cost of the requesting party.

14

## CONCLUSION

WHEREFORE, the Foreign Representatives respectfully request that the Court enter the Proposed Order and grant the Foreign Representatives request that this Court, in aid of its prior Order to Compel, designate the Foreign Representatives as the "subscriber" of the Yahoo Account.

Dated: Wilmington, Delaware
September 18, 2015

COLE SCHOTZ P.C.

/s/ David R. Hurst
David R. Hurst (I.D. No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

– and –

David M. Bass
Daniel F.X. Geoghan
900 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Attorneys for the Foreign Representatives*
*of Irish Bank Resolution Corporation Limited*

15

54112/0001-11961741v2