# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| IRISH BANK RESOLUTION CORPORATION LIMITED (IN SPECIAL LIQUIDATION), | Case No. 13-12159 (CSS) |
| Debtor in a foreign proceeding. | Hearing: June 5, 2018, at 10:00 a.m. (EST) <br> Objection Deadline: May 29, 2018, at 4:00 p.m. (EST) |

**FOREIGN REPRESENTATIVES' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTION 107(b), BANKRUPTCY RULE 9018, AND LOCAL BANKRUPTCY RULE 9018-1(b) AUTHORIZING THE DEBTOR TO (I) REDACT REFERENCES TO CONFIDENTIAL INFORMATION IN EXHIBIT A TO DECLARATION OF KIERAN WALLACE IN SUPPORT OF FOREIGN REPRESENTATIVES' MOTION FOR ORDER AUTHORIZING THE DEBTOR TO CAUSE ITS AFFILIATE TO ENTER INTO ASSET MANAGEMENT AGREEMENT RELATING TO CERTAIN RETAIL ASSETS; AND (II) FILE UNDER SEAL EXHIBIT B TO FOREIGN REPRESENTATIVES' MOTION FOR ORDER AUTHORIZING THE DEBTOR TO CAUSE ITS AFFILIATE TO ENTER INTO ASSET MANAGEMENT AGREEMENT RELATING TO CERTAIN RETAIL ASSETS**

Kieran Wallace and Eamonn Richardson, the duly appointed and authorized foreign representatives (the "Foreign Representatives" or "Special Liquidators") of Irish Bank Resolution Corporation Limited ("IBRC" or the "Debtor"), hereby file this motion (this "Motion to Seal") pursuant to sections 103, 105, and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") in the above-captioned chapter 15 case (the "Chapter 15 Case") for entry of an order (the "Approval Order"), substantially in the form attached hereto as Exhibit A, authorizing the Foreign Representatives to (i) redact references to confidential information in Exhibit A to the *Declaration of Kieran Wallace in Support of Foreign*

*Representatives' Motion for Order Authorizing the Debtor To Cause Its Affiliate To Enter Into Asset Management Agreement Relating to Certain Retail Assets* (the "Wallace Declaration"), and (ii) file under seal Exhibit B to *Foreign Representatives' Motion for Order Authorizing the Debtor To Cause Its Affiliate To Enter Into Asset Management Agreement Relating to Certain Retail Assets* (the "Asset Management Motion"), each filed concurrently herewith (such information, collectively, the "Confidential AMA Information"). In support of this Motion to Seal, the Foreign Representatives respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 103(a), 105(a), and 107(b), Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(b).

## BACKGROUND

3. IBRC is the successor of Anglo Irish Bank Corporation Limited and Irish Nationwide Building Society, two financial institutions which were both heavily exposed to the property market, primarily in Ireland. Following the passage of the Irish Bank Resolution Corporation Act 2013 in February 2013, the Finance Minister issued a Special Liquidation Order placing IBRC into special liquidation and appointing the Foreign Representatives as IBRC's joint special liquidators. In connection with the wind-down of IBRC and the recovery and administration of its assets globally, the Foreign Representatives commenced this Chapter 15 Case by filing their Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding [Docket No. 3], seeking recognition of the Irish Proceeding as a foreign main

proceeding under chapter 15 of the Bankruptcy Code. On December 18, 2013, this Court entered the Order Granting Recognition of Foreign Main Proceeding and Related Relief [Docket No. 187] (the "Recognition Order").

4. The Foreign Representatives continue to operate the Debtor's business and exercise the rights and powers of a trustee under, and to the extent provided by, section 363 pursuant to Section 1520(a)(3) of the Bankruptcy Code.

5. The Debtor's business operations, corporate and capital structure, and liquidation efforts are described in greater detail in the Wallace Declaration filed concurrently herewith. The Asset Management Agreement and Sale Incentive Fee that are the subject of this Motion to Seal are described in greater detail in the Asset Management Motion filed concurrently herewith.[1]

## RELIEF REQUESTED

6. By this Motion to Seal, the Foreign Representatives seek entry of an order, pursuant to Bankruptcy Code sections 103(a), 105(a) and 107(b), Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(b), authorizing the Foreign Representatives to redact and file under seal the Confidential AMA Information, as applicable, and directing that the Confidential AMA Information remain redacted or under seal (as applicable) and confidential and shall not be made available to anyone, except for (a) this Court and (b) the United States Trustee.

## BASIS FOR RELIEF

7. Contemporaneously with filing this Motion, the Foreign Representatives filed the Asset Management Motion and the Wallace Declaration. As set forth in the Asset Management

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Asset Management Motion.

Motion and the Wallace Declaration, the Foreign Representatives believe that the Sale Incentive Fee under the Asset Management Agreement is in the best interest of the Debtor's estate because it will maximize the gross purchase price upon the eventual sale of the Retail Assets.  A chart describing the economic terms of the Sale Incentive Fee is attached under seal as Exhibit B to the Asset Management Motion, and a redacted form of the Asset Management Agreement is attached to the Wallace Declaration to ensure that the economic terms of the Sale Incentive Fee earned by Frazer under the Asset Management Agreement are kept confidential.  The Confidential AMA Information consists of the dollar value of the entry value and exit value of each gross purchase price tier and the applicable percentage value used in calculating the Sale Incentive Fee earned by Frazer.  Public dissemination of the Confidential AMA Information would adversely affect (i) the Debtor by potentially preventing the Debtor from maximizing the value of the Retail Assets and (ii) Frazer, by placing proprietary business information in the public, available to its competitors.  As a result of the foregoing, the relief requested herein is warranted.

## APPLICABLE AUTHORITY

8.   The relief requested herein is authorized by Bankruptcy Code sections 103(a), 105(a) and 107(b), Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(b).  This Court has already recognized the Irish Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code, pursuant to the Recognition Order.  <u>See</u> Recognition Order ¶ 1.  Section 103(a) of the Bankruptcy Code provides, in pertinent part, that "this chapter [1] . . . appl[ies] in a case under chapter 15." 11 U.S.C. § 103(a).  Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).  Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers

of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

10. Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994); accord In re Global Crossing, Ltd. 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003). The Court has broad authority to issue such an order under Bankruptcy Rule 9018. See In re Global Crossing, Ltd., 295 B.R. at 724 ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice."). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." In re Orion Pictures Corp., 21 F.3d at 28. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." In re Kaiser Aluminum Corp., 327 B.R. 554, 560 (D. Del. 2005) (internal citation omitted). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for

improper purposes." In re Orion Pictures Corp., 21 F.3d at 27 (internal citation omitted). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." In re Global Crossing, Ltd., 295 B.R. at 724.

11. One category of information within the scope of 107(b) of the Bankruptcy Code is "commercial information" -- "information which would result in 'an unfair advantage to competitors by providing them information as to the operations of the debtor". In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting In re Orion Pictures Corp., 21 F.3d at 27-28); see In re Global Crossing, Ltd., 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g., In re Orion Pictures Corp., 21 F.3d at 28 ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

12. The Confidential AMA Information contains the economic terms of the Sale Incentive Fee earned by Frazer in connection with its management of the Retail Assets. A broad publication of this information would be inappropriate and materially harmful to the Debtor's estate. Public dissemination of the Confidential AMA Information would allow potential buyers free access to the negotiated assessment, by the Foreign Representatives and Frazer, of potential high and low values of the Retail Assets, thereby impairing the estate's ability to maximize value. Placing the Confidential AMA Information under seal will prevent the information contained in the Asset Management Motion and the Wallace Declaration from being used for improper purposes to the detriment of the Debtor, its estate, and parties in interest, and will also support

the Foreign Representatives in exercising their fiduciary duties to achieve the highest or otherwise best value for the Retail Assets.

13. Furthermore, in light of the highly competitive nature of the commercial real estate management industry, it is important to Frazer that the details of the Sale Incentive Fee structure set forth in the Confidential AMA Information be kept confidential so that their competitors may not use the information contained therein to gain a strategic advantage over Frazer in the marketplace. This information is not public and could cause significant injuries to Frazer. Courts in this jurisdiction regularly authorize debtors and parties-in-interest to file financing fee information under seal for similar reasons. See, e.g., In re Optima Specialty Steel, Inc., No. 16-12789 (KJC) (Bankr. D. Del. Jun. 29, 2017) (granting Debtors' request to file exit financing commitment fee letter under seal); In re Seventy Seven Finance, Inc., No. 16-11409 (LSS) (Bankr. D. Del. Jul. 10, 2016) (granting request to file exit facility fee letter under seal); In re Tuscany Int'l Holdings (U.S.A.) Ltd., No. 14-10193 (KG) (Bankr. D. Del. Feb. 4, 2014) (granting motion to seal DIP facility fee letter); In re OnCure Holdings, Inc., No. 13-11540 (KG) (Bankr. D. Del. Jun. 18, 2013) (granting request to seal fee letters included in DIP motion); In re Exide Technologies, No. 13-11482 (KJC) (Bankr. D. Del. Jun. 11, 2013) (authorizing the debtors to file fee letter under seal); In re Synagro Tech., Inc., No. 13-11041 (BLS) (Bankr. D. Del. Apr. 25, 2013) (granting request to seal DIP financing fee letter); In re NewPage Corp., No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011) (same).

14. Indeed, courts in this and other jurisdictions have previously determined that agreements containing terms of management agreements qualify as containing "confidential commercial information," within the meaning of section 107(b) of the Bankruptcy Code, and have authorized the filing of such documents under seal. See, e.g., In re Overseas Shipholding

Group, Inc., No. 12-20000 (PJW) (Bankr. D. Del. Feb. 3, 2014) (authorizing the debtors to file redacted vessel management agreements to protect financial and other commercial terms); In re Southern Air Holdings, Inc., No. 12-12690 (CSS) (Bankr. D. Del. Mar. 14, 2013) (authorizing the debtors to file entire management agreement under seal); In re MSR Golf Course LLC, No. 11-10372 (SHL) (Bankr. S.D.N.Y. Jan. 18, 2013) (authorizing debtors to file entire hotel management agreement under seal); In re JER/Jameson Mezz Borrower I LLC, No. 11-13392 (MFW) (Bankr. D. Del. Dec. 13, 2012) (authorizing debtors to file redacted versions of the new management agreement to protect financial and other commercial terms); In re WP Steel Venture LLC, No. 12-11661 (KJC) (Bankr. D. Del. Jul. 9, 2012) (authorizing debtors to file entire management agreement under seal).

## NOTICE

15. Notice of this Motion will be given to: (i) the United States Trustee; (ii) all other known parties located in the United States who claim interests in or liens upon the Retail Assets; and (iii) all parties who have requested notice in this Chapter 15 Case. In light of the nature of the relief requested herein, the Foreign Representatives submit that no other or further notice is required.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this Court or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**CONCLUSION**

WHEREFORE, the Foreign Representatives respectfully request that the Court grant the relief requested herein and grant such further relief as is appropriate.

Dated:  May 15, 2018
        Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li (*admitted pro hac vice*)
300 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 687-5000

*Attorneys for the Foreign Representatives of Irish Bank Resolution Corporation Limited*